[S. F. No. 4368. In Bank.—February 11, 1908.]

UNITED RAILROADS OF SAN FRANCISCO, Plaintiff, v. E. P. COLGAN, Controller of the State of California, et al., Defendants; E. P. COLGAN, Controller, etc., Appellant; E. J. SMITH, Tax-Collector of the City and County of San Francisco, Respondent.

TAXATION OF STREET RAILROAD OPERATING IN MORE THAN ONE COUNTY —JUDGMENT SUSTAINING COUNTY ASSESSMENT — STATE NOT AG-GRIEVED BY COUNTY ASSESSMENT IN EXCESS OF ASSESSMENT BY BOARD OF EQUALIZATION.—In an action involving the question whether a street-railroad corporation, operating its lines in more than one county of the state, should be assessed by the state board of equalization and its taxes paid to the state controller, or by the county assessors and its taxes paid to the county tax-collectors, an appeal from a judgment by the state controller sustaining the validity of the county assessments and the payment to the county tax-collectors will be dismissed, when it appears that the amount received from the taxes for the benefit of the state, under the county assessments, is in excess of the amount that could be received by it, should the assessment by the state board of equalization be sustained. Under such circumstances, neither the state nor the state controller is a party aggrieved by the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and George A. Sturtevant, Deputy Attorney-General, for Appellant.

William G. Burke, City Attorney, A. S. Newburgh, Assistant City Attorney, Percy V. Long, City Attorney, and William I. Brobeck, Assistant City Attorney, for Respondent.

ANGELLOTTI, J.—The state board of equalization claimed the right to assess and assessed for the fiscal year 1903-1904, the franchise, roadway, roadbed, rails, and rolling-stock of plaintiff, a corporation having its principal place of business in the city and county of San Francisco, upon the theory

that such railroad was a "railroad" operated in more than one county (Const., art. XIII, sec. 10). The assessors of the city and county of San Francisco and San Mateo County, the two counties in which plaintiff operates its railroad system, claimed the right to assess and assessed the portions thereof legally situate in their respective counties, upon the theory that the railroad was purely a "street-railroad," and not a "railroad" within the meaning of that word as used in section 10, of article XIII, of the constitution. (See *San Francisco & San Mateo etc.* v. *Scott,* 142 Cal. 222, [75 Pac. 575].) The assessment valuation made by the state board of equalization, apportioned to the city and county of San Francisco, was much lower than that of the city and county authorities, and the total assessment valuation made by such state board of all the property in both counties was much lower than the valuation by the San Francisco authorities of that portion claimed to be assessable by them. The state controller claimed the right to collect all the taxes levied upon the state assessment, including the city and county taxes for the use of the city and county of San Francisco, while the tax-collector claimed the right to collect all the taxes levied upon said city and county assessment, including the state tax for the use of the state. The taxes, according to the city and county assessment valuation, amounted to $364,-572.99, and according to the state valuation three hundred and twenty-seven thousand dollars. Under these circumstances, plaintiff brought this action to compel the state controller and the city and county tax-collector to settle their conflicting claims between themselves, paying into court the amount of taxes due upon the higher assessment. Plaintiff was thereupon relieved from further prosecution of the action, and ordered discharged from any and all liability on account of said taxes, and the defendants required to interplead in the action. The action was tried as between the state controller and the city and county tax-collector, and resulted in a judgment sustaining the validity of the city and county assessment, and the consequent right of the city and county tax-collector to receive the whole amount, which amount was ordered paid to him. The state controller has appealed from this judgment and from an order denying his motion for a new trial, and he, representing the state and with no interest

in the appeal except as such representative, is the only appellant. The only question sought to be presented by the appeal of the state controller is which of the two assessments, the state assessment or the city and county assessment, was valid.

Under the circumstances, respondent tax-collector urges that the question presented by the appeal is merely an abstract question, not affecting the substantial rights of the state, and that the appeal should be dismissed. It is apparent that the only way in which the state, represented here by appellant, can be affected by a reversal or a modification of the judgment, is to be deprived of a portion of the amount that will come to it under the judgment as it now stands. If the judgment stands, the city and county of San Francisco will be required to forthwith pay to the state the state portion of the taxes collected, which, the city and county assessment valuation being much higher than the state assessment valuation, will be several thousand dollars more than the state portion of the taxes that could be retained by the state upon collection of the taxes by the controller on the state assessment. Indeed, the transcript on appeal shows that at the very inception of this proceeding, the portion of the amount paid into court that would go to the state as state taxes on the state assessment, one hundred and thirty-three thousand dollars, was ordered paid to the state controller for the use of the state, and the portion of such amount that would go to the city and county of San Francisco on the state assessment, one hundred and ninety-four thousand dollars, was ordered paid to the city and county tax-collector, leaving in fact only $37,572.79 in court subject to final judgment. Under the judgment, the state will receive the state portion of this amount. If it succeeds on this appeal, it will receive no part thereof. Under the peculiar circumstances, it appears here that neither the state nor its representative, the state controller, is a party aggrieved by the judgment. No one else is complaining thereof. Practically the appeal is by a party whose sole substantial complaint is that the effect of the judgment is to give him more than he is entitled to. We are of the opinion that this court should not entertain the appeal under the circumstances disclosed by the record.

The appeal is dismissed.

Shaw, J., McFarland, J., Henshaw, J., Lorigan, J., and Sloss, J., concurred.

BEATTY, C. J., concurring.—I concur in the order of dismissal and in the opinion of the court. The practical effect of the order is an affirmance of this particular judgment, but in view of the importance of the question involved, and the certainty that it must be met sooner or later, I should have preferred a direct affirmance of the judgment, which is clearly sustained by our decision in *San Francisco & San Mateo Ry. Co. v. Scott,* 142 Cal. 222, [75 Pac. 575].