[S. F. No. 12783. In Bank.—April 30, 1929.]

MAXWELL HARDWARE COMPANY (a Corporation), Appellant, v. E. H. FOSTER et al., Respondents.

L. L. Steele for Appellant.

C. A. Odell for Respondents.

CURTIS, Action for the foreclosure of a materialman's lien for building materials furnished defendant Foster in the construction of a building upon real property belonging to the defendant Kates. The court gave judgment in favor of defendant Kates. The plaintiff has appealed.

The evidence fails to show that Foster had any authority from Kates to purchase said materials, or to construct said building, or that Kates had any knowledge that the building was being constructed. Without evidence showing that defendant Kates had knowledge of the construction of said building, the real property owned by him and upon which said building was constructed would not be subject to a lien for materials used in its construction. (Code Civ. Proc., sec. 1192.) The judgment, therefore, denying plaintiff a lien upon the property of the defendant Kates was properly entered.

After judgment plaintiff made a motion for a new trial, and among the grounds upon which said motion was based was that of newly discovered evidence. The court denied said motion. ▇ That the action of the trial court in denying a motion for a new trial on the ground of newly discovered evidence is a matter largely in the discretion of the trial judge is so well settled in this state that a citation of authority upon the subject is unnecessary. ▇ At the hearing of the motion for a new trial the plaintiff presented an affidavit to the effect that Foster had, at the time the materials were furnished him, a lease upon the real property on which the building was constructed and that said lease provided for, or at least contemplated, the making of improvements thereon by Foster. Under these conditions the plaintiff contends that Kates, the owner of the property, was charged with constructive notice of the making of said improvements. Foster was a witness at the trial of this action on behalf of the plaintiff. He testified to the existence of no such lease, and the trial court may well have concluded that the plaintiff failed to exercise proper diligence in eliciting evidence from Foster regarding the existence of said lease, at the time Foster was being examined by plaintiff at the trial of this action. Under these circumstances we are not warranted in holding that the trial court abused its discretion in denying said motion.

▇ Another ground upon which the plaintiff based its motion for a new trial was the action of the court in denying its application to amend its complaint. The original complaint was fatally defective in a number of material respects. After the submission of the case to the court, but before decision, the plaintiff presented to the court, without

notice to the defendant, an amended complaint and asked leave to file the same. This request the trial court denied. The amended complaint supplied the material facts lacking in the original complaint. Assuming that the court should have permitted the filing of said amended complaint under the conditions under which it was presented, it would not have availed anything to the plaintiff in view of the state of the evidence which we have before referred to. As the evidence was insufficient to support a judgment in favor of the plaintiff establishing his lien, plaintiff was not prejudiced by the action of the trial court in refusing to permit the filing of said proposed amended complaint.

While the court gave judgment denying plaintiff the right to foreclose its lien against the defendant Kates' property, it did render a personal judgment against the defendant Foster for the value of the materials furnished the latter. The plaintiff now claims that this judgment is void for the reason that no process was ever served upon said defendant Foster. The judgment, however, was in favor of the plaintiff, and even if the same were void, that fact cannot be taken advantage of on an appeal therefrom by the plaintiff in whose favor the judgment was rendered. An appeal from a judgment can only be taken by an aggrieved party thereto, and the plaintiff herein does not sustain that relation to said judgment. A party cannot appeal from a judgment in his favor. (*Estate of Funkenstein*, 170 Cal. 594 [150 Pac. 987]; *United Railroads* v. *Colgan*, 153 Cal. 53 [94 Pac. 245].) This is the general rule. There may be exceptions to this rule, but the present appeal does not come within any of such exceptions. A plaintiff may appeal from a judgment in his favor, when the amount of said judgment is less than the amount demanded and to which the plaintiff considered himself entitled. But in such a case the appeal is not from that part of the judgment in plaintiff's favor, but is from the provisions of the judgment denying him the full relief demanded. In the present action on this appeal the plaintiff seeks to object to any judgment in its favor and against the defendant Foster.

The judgment is affirmed.

Langdon, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.

PRESTON, J., Dissenting.—I dissent. The amount involved in this cause is small. Errors of judgment were perhaps made by counsel for plaintiff upon the trial, but rules of law should, if possible, be applied to promote justice. Here, in my opinion, justice has been denied, although it could have been granted without violence to any rule of law.

The majority opinion is predicated upon the absence of pleading and proof that the owner of the real property knew that defendant was erecting a building thereon. An examination of the record shows that defendant's counsel did make the point that the above-mentioned pleading and proof was not present but the court below several times expressly stated that this was not necessary, amplifying it by the further statement that unless the owner posted the notice required by statute he would be held liable for the material that entered into the construction of the building. It was not pleaded by the defendant, nor contended by him, that he did not have full knowledge of the erection of this building, nor did he plead or claim that he had not authorized its erection. The court below apparently ordered the findings in favor of defendant upon the ground that the complaint showed that there was no agreed price for the material and that there was a large amount of material included in the claim of lien which did not enter into the construction of the building. However, when the findings were made up, all the material allegations of the complaint, including the regularity of the claim of lien, were found to be true, said findings covering substantially all the allegations in the first seven paragraphs of the complaint—but the court added a final finding which read as follows: "That at the time defendant E. H. Foster purchased and ordered the materials described in plaintiff's complaint he had no authority from E. Kates to purchase or order the materials described in the complaint or any other material for or in behalf of said Kates and at the time said materials were ordered and purchased as aforesaid the said E. H. Foster was not acting by the authority of or under the direction of the defendant E. Kates either as contractor or otherwise."

The materiality of the above-mentioned omitted allegations and proof, theretofore declared unnecessary by the court,

became the sole ground for the judgment, whereupon plaintiff made a motion for a new trial and supported it by an affidavit which set up the fact that he had offered to file an amended complaint to cover this defect, and a copy of said complaint was made an exhibit to the affidavit. Further, he showed and made an exhibit to said affidavit, a lease between the land owner and the tenant which expressly authorized the tenant to cause the building in question to be erected, setting forth therein, also, copies of documents which showed that certain of the material that entered into said building was receipted for by the owner and transportation charges thereon were paid by him. Against this showing of the plaintiff, defendant offered absolutely nothing. There was, therefore, no room whatever for the exercise of discretion by the trial court in denying the motion for new trial. This is doubly true because of the attitude of the court himself as to the materiality of this showing during the trial of the cause. Plaintiff, without substantial fault on its part, has suffered because of the trial court's change of attitude, and has never had an opportunity to introduce the uncontradicted proof within its possession which would remove the ground upon which the court predicated its judgment.

That the judgment should be reversed is, to my mind, too clear for controversy.

Rehearing denied.

Preston, J., dissented.