[L. A. No. 25238. In Bank. Apr. 21, 1959.]

JULIUS RUBEN et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

[L. A. No. 25239. In Bank. Apr. 21, 1959.]

LOUIS KIRSHBAUM, Plaintiff and Appellant, v. THE HOUSING AUTHORITY OF THE CITY OF LOS ANGELES et al., Defendants and Respondents; CITY OF LOS ANGELES et al., Defendants and Appellants.

Phill Silver for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Weldon L. Weber, Deputy City Attorney, Joe Crider, Jr., O'Melveny & Myers and Pierce Works for Defendants and Appellants.

Julius Ruben, in pro. per., for Plaintiffs and Respondents.

James J. Arditto for Defendants and Respondents.

GIBSON, C. J.—These two actions were brought by taxpayers of the City of Los Angeles to prevent execution and enforcement of the contract between the city and the Brooklyn National League Baseball Club, Inc., which was considered by this court in *City of Los Angeles* v. *Superior Court, ante,* p. 423 [333 P.2d 745]. Plaintiffs seek a declaration that the contract and the ordinance authorizing it are invalid and an injunction against the doing of any acts to carry out the ordinance and the contract. Kirshbaum also seeks an injunction restraining the Housing Authority from extinguishing a restriction contained in a deed by the Authority to the city of certain land involved in the contract.

A general demurrer of the Housing Authority and its commissioners was sustained in the Kirshbaum case, and a judgment was entered decreeing that Kirshbaum take nothing against them. After trial with respect to the remaining defendants a judgment was rendered in each case enjoining the execution of the contract and the carrying out of the provisions of the ordinance. These defendants, including the city and the baseball club, have appealed from the judgments against them. Kirshbaum has taken a cross-appeal from the judgment in his favor, and, in addition, he has appealed from the judgment in favor of the Housing Authority.

Kirshbaum's complaint, insofar as concerns the relief sought against the Housing Authority, alleges that in 1955 the Housing Authority conveyed to the city the fee to 169.62 acres of land in Chavez Ravine, that this land is a portion of the land to be transferred to the baseball club by the city under the contract referred to above, and that the deed provided that the property was granted to the city "to be used for public purposes only." It is alleged that the Housing Authority is about to take steps to eliminate the public purpose limitation, and the complaint seeks to enjoin removal of the restriction.

The deed from the Housing Authority to the city, in addition to providing that the land was to be used for public purposes only, declared that the property was not to be used directly or indirectly by the city or its "grantees, successors in interest, assigns, or any other person or persons whatsoever" claiming under the city for a period of 20 years for residential development. This language clearly shows that the city

may make transfers to "grantees" and "assigns" as well as to its successors. The deed also implies that after the 20-year period the property may be used by the city's grantees for private residential purposes, that the city's grantees could at any time use the property for private purposes other than residential, and that the general restriction to public purposes, if not mere surplusage, was intended to apply only while the city retained the land.

Any doubt as to the proper construction of the instrument and the rights of the city and the Housing Authority thereunder was resolved in *City of Los Angeles* v. *Superior Court, ante,* pp. 423, 435-437 [333 P.2d 745], where both Ruben and Kirshbaum appeared. In that case we granted a writ of prohibition restraining the superior court from enforcing a preliminary injunction or taking further action in a suit to enjoin certification of the result of a referendum election in which a majority of the voters favored adoption of the ordinance authorizing the contract.[1] We held that the grantor did not intend by the restriction to prohibit the city from selling the property and that the city could sell it pursuant to section 393 of the charter which, with certain exceptions not pertinent to this question, permits property no longer required by the city to be sold upon such terms and conditions as the council prescribes by ordinance. We further held, in determining the validity of the city's promise to use its best efforts to have the deed restriction removed, that any possibility that the Housing Authority may have a right to complain of a termination of the public use will disappear if the city is able to obtain the Housing Authority's consent to eliminate the restriction.

Our decision in *City of Los Angeles* v. *Superior Court, ante,* p. 423 [333 P.2d 745], forecloses Kirshbaum's contentions that as a result of the deed restriction the property was dedicated to a public use, that the land is held in trust by the city for the public, that the city has no power to abandon or sell it to a private corporation, and that the Housing Authority cannot qualify the terms of the conveyance by any subsequent

[1]Although the binding effect of a prior judgment is a defense that must ordinarily be pleaded and proved (Code Civ. Proc., § 1962, subd. 6), where the judgment in one suit becomes final while an appeal is pending from the judgment in another action, the first final judgment may be brought to the attention of the court in which the appeal is still pending and may be relied on as res judicata (see *Domestic & Foreign Petr. Co.* v. *Long,* 4 Cal.2d 547, 562 [51 P.2d 73]; 3 Witkin, California Procedure (1954) 1935).

act or declaration. The holding in that case necessarily included a determination that the deed did not operate as a dedication to a public use or as the creation of a trust binding upon grantees of the property, and it likewise included a determination, insofar as concerns the character of the instrument, that the Housing Authority may properly release any interest which it retains under the deed and that such a release will be effective to permit the city to proceed with the contemplated sale to the baseball club.

The Housing Authority, although not a party to the prohibition proceeding, is entitled in the present action by Kirshbaum to rely upon the prior determination, because the issue of whether the deed amounted to a dedication was decided there and, in view of the fact that Kirshbaum had his day in court, he cannot now reargue the matter. (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 811 et seq. [122 P.2d 892].)

Since we have decided in *City of Los Angeles* v. *Superior Court, ante,* p. 423 [333 P.2d 745], that the provisions of the deed permitted the city to sell the conveyed property free from any public use or trust and that the deed did not preclude the Housing Authority from releasing any interest which it may have retained, we are not governed here by cases which hold that a conveyance of property to a city for a specific purpose, i.e., for a park or a street, may by reason of the language in the deed amount to a dedication to a public use irrevocable by either the grantor or the city. (See *Wattson* v. *Eldridge,* 207 Cal. 314, 318-320 [278 P. 236]; *Slavich* v. *Hamilton,* 201 Cal. 299, 302 et seq. [257 P. 60]; *Archer* v. *Salinas City,* 93 Cal. 43, 49 et seq. [28 P. 839, 16 L.R.A. 145]; *Washington etc. Co.* v. *City of Los Angeles,* 38 Cal.App.2d 135, 136-138 [100 P.2d 828]; *Lowell* v. *City of Boston,* 322 Mass. 709 [79 N.E.2d 713, 725-726].)[2]

In our prior decision we expressly withheld consideration of the question whether or not the Housing Authority has power, i.e., the legal capacity under applicable statutes regulating its powers and duties, to execute a release of its rights under the deed restriction. (*Ante,* at pp. 436-437.) Kirshbaum's complaint, however, contains no allegations that would permit a conclusion that the Housing Authority lacks

---

[2]It may be noted, however, that in these cases property was transferred to a municipal corporation for a single, specified public purpose, unlike the transfer generally, for all ''public purposes,'' made by the Housing Authority's deed, and that none of the conveyances in these cases contained language like that in the deed involved here which shows that the city may dispose of the property to ''grantees'' or ''assigns.''

such power. On the other hand, subdivision (e) of section 34315 of the Health and Safety Code provides that a housing authority may sell, lease, exchange, transfer, assign, pledge, or dispose of any real property ''or any interest in it.'' This legislation is ample to permit the Housing Authority to release to the city any interest retained under the deed.

It follows from what we have said that no cause of action has been stated against the Housing Authority and that the trial court properly sustained the general demurrer.

With one exception all of the questions relating to the judgments in the Ruben and Kirshbaum cases which enjoined execution and enforcement of the contract were resolved against the taxpayers by our decision in *City of Los Angeles* v. *Superior Court, ante,* p. 423 [333 P.2d 745]. █ Kirshbaum contends that a parcel of land in Elysian Park to be conveyed to the baseball club pursuant to the contract is subject to the control of the city's Department of Recreation and Parks, that under section 393 of the city charter[3] such land may be sold only with the approval of the board or officer having the management of that department, and that no such approval has been obtained. The contention, not determined in the prohibition case, is premature, because it does not appear that any actual sales or transfers of property to the baseball club have yet been made, and the city still has the opportunity to comply with these requirements of the charter. Moreover, at the time of trial herein, proceedings were pending before the city council to transfer the parcel in question from the jurisdiction of the park department on the ground that freeway construction cut off the property from the balance of Elysian Park, and, if such a transfer is accomplished, consent of the department to a sale will no longer be necessary. (See Los Angeles City Charter, § 170, subd. (d), prescribing procedure for such transfers.)

It follows from the foregoing that the judgments enjoining execution and enforcement of the contract must be reversed. █ Kirshbaum's notice of cross-appeal from the judgment which he obtained against the city and the baseball club states, without any explanation or specification of error, that he

---

[3]Section 393 of the charter provides, in part, that ''any real property proposed to be sold that is under the control of any board or commission authorized by this charter or by law to acquire, hold or control real property shall not be sold except at the request or with the approval of the board, commission or officer having the management of such department. . . .''

thereby cross-appeals to this court from the whole of that judgment. In view of our conclusion that he is not entitled to any relief, his cross-appeal has become moot and should be dismissed, even if we assume that he could have brought himself within some exception to the general rule that a party cannot appeal from a judgment in his favor. (See, for the general rule, *Maxwell Hardware Co.* v. *Foster,* 207 Cal. 167, 170 [277 P. 327] ; 3 Witkin, California Procedure (1954) 2182.)

The judgment in favor of the Housing Authority and its commissioners is affirmed. The judgments against the other defendants are reversed with directions to enter judgments in their favor in accordance with this opinion and the decision in *City of Los Angeles* v. *Superior Court, ante,* p. 423 [333 P.2d 745]. The cross-appeal of plaintiff Kirshbaum is dismissed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., McComb, J., and Peters, J., concurred.

The petition of appellant Kirshbaum for a rehearing was denied May 20, 1959.