[L. A. No. 26353.   In Bank.   June 29, 1961.]

ELLIS R. JACKSON, Plaintiff and Respondent, v. JACK FISHER, Defendant and Appellant; GLOBE INDEMNITY COMPANY (a Corporation), Claimant and Respondent.

[L. A. No. 26354.   In Bank.   June 29, 1961.]

GLOBE INDEMNITY COMPANY (a Corporation), Plaintiff and Respondent, v. JACK FISHER, Defendant and Appellant.

[L. A. No. 26355.   In Bank.   June 29, 1961.]

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA (a Corporation), Plaintiff and Respondent, v. JACK G. FISHER, Defendant and Appellant.

[L. A. No. 26356.   In Bank.   June 29, 1961.]

CONTINENTAL CASUALTY COMPANY (a Corporation), Plaintiff and Respondent, v. JACK G. FISHER, Defendant and Appellant.

George E. Danielson, Walter M. Campbell and Thomas T. Johnson for Defendant and Appellant.

Loeb and Loeb and Robert A. Holtzman as Amici Curiae on behalf of Defendant and Appellant.

Anderson, McPharlin & Conners and William T. Conners for Respondents.

William T. Peters and Peters & Hildreth as Amici Curiae on behalf of Respondents.

WHITE, J.—Defendant Jack G. Fisher appeals from judgments for plaintiffs Ellis R. Jackson, Globe Indemnity Company, American Casualty Company, and Continental Casualty Company in four actions consolidated for trial, wherein plaintiffs individually seek to levy execution upon the proceeds of an insurance policy to the extent payable to defendant.

Defendant sold his contracting business and all its assets to H. F. Stokes and as a part of the contract of sale Stokes agreed to obtain a policy of insurance on his life in the amount of $100,000 payable to defendant to the extent of the balance of the purchase price which remained unpaid at the time of and in the event of Stokes' death. Pursuant to the agreement a policy was obtained which provided for double indemnity in the event that death resulted from accidental means, and the beneficiaries were named and provided for as "Jack G. Fisher, creditor, as his interest may appear; balance, if any, to Shirley Lee Stokes, wife of the insured, if living." Stokes died as a result of an accident, and at that time the unpaid balance under the contract of sale to Fisher was $119,211.63. Stokes left surviving him a spouse and minor children.

The various plaintiffs' separate actions against defendant allege causes independent of defendant's transaction with Stokes. After obtaining judgments they each levied execution upon the proceeds of the policy to the extent of defendant's interest therein. Defendant claimed an exemption from attachment and execution to the extent of $113,200 of the proceeds of the policy, for reasons which will hereinafter appear. This claim was disallowed by the trial court, and in defendant's appeal from the judgments he puts in issue only the propriety of this disallowance.

The claim of exemption is made under sections 690 and 690.19 of the Code of Civil Procedure. Section 690 provides: "The property mentioned in Sections 690.1 to 690.25, inclusive, this code, is exempt from execution or attachment, except as therein otherwise specially provided, when claim for exemption is made to the same by the judgment debtor or defendant as hereinafter in Section 690.26 provided."

Section 690.19 provides: "All moneys, benefits, privileges, or immunities, accruing or in any manner growing out of any life insurance, if the annual premiums paid do not exceed five hundred dollars ($500), or if they exceed that sum a like exemption shall exist which shall bear the same proportion to the moneys, benefits, privileges, and immunities so accruing

or growing out of such insurance that said five hundred dollars ($500) bears to the whole annual premium paid.

"In addition to the foregoing, all moneys, benefits or privileges, belonging to or inuring to the benefit of the insured's spouse or minor children growing out of life insurance purchased with annual premiums not exceeding five hundred dollars ($500), or if such annual premium exceeded that sum, a like exemption shall exist in favor of such persons which shall bear the same proportion to the moneys, benefits or privileges growing out of such insurance that five hundred dollars ($500) bears to the whole annual premiums paid."

In the instant case, the annual premium paid on Stokes' policy was $883. As $500 is 56.6 per cent of that premium, 56.6 per cent of the proceeds, or $113,200 is claimed by defendant to be exempt from execution or attachment. As hereinbefore stated, defendant's full interest in the policy is $119,-211.63. Plaintiffs argue that a beneficiary of an insurance policy who was the creditor of the insured is not entitled to any exemption under the code provisions quoted above since, it is asserted, he is not within the intent and purpose of these sections; that the surviving wife or minor children of an insured is entitled to an exemption under these sections for proceeds from life insurance purchased by premiums not exceeding $1,000 annually; and that if a creditor-beneficiary is entitled to any exemption under the aforesaid sections the exemption allowed in the first paragraph of section 690.19 should be prorated between the named beneficiaries and the wife in accordance with the respective amount of premium allocable to the insurance proceeds payable to each.

The main issues thus presented are whether a beneficiary of an insurance policy who was a creditor of the insured is entitled to an exemption under sections 690 and 690.19 of the Code of Civil Procedure, and if so is he entitled to the full amount of the exemption authorized by the first paragraph in section 690.19 or only to a share prorated to his interest in the proceeds of the policy payable under that paragraph of section 690.19?

It has been held that the instant exemption is intended to protect the beneficiary against his own creditors as well as those of the insured. (*Holmes* v. *Marshall,* 145 Cal. 777, 778 et seq. [79 P. 534, 104 Am.St.Rep. 86, 2 Ann.Cas. 88, 69 L.R.A. 67] ; *Bowman* v. *Wilkinson,* 153 Cal.App.2d 391, 394-395 [314 P.2d 574].) While in both the Holmes and Bowman cases the beneficiary was the wife of the insured,

nevertheless the broad language of section 690 and the first paragraph of section 690.19 in giving the exemption to the ''judgment debtor or defendant'' when claim for exemption is made does not restrict the exemption to a surviving spouse. In the *Prudential Ins. Co.* v. *Beck*, 39 Cal.App.2d 355 the court stated at page 360 [103 P.2d 241]: ''. . . [that] the purpose of [this] section is to protect the beneficiary as well as the insured is indicated by decisions that the insurance proceeds in the hands of the beneficiary . . . are exempt from execution for debts of the beneficiary.'' And at page 361 the court noted that ''[t]he benefits of this section are not limited to the widow and children.'' ██ While it is contended that the statements in the Prudential case are dicta, it is nevertheless manifest from the plain language of section 690.19 itself that the first paragraph thereof confers an exemption on a designated beneficiary or beneficiaries ''in addition'' to the exemption conferred by the second paragraph upon the widow and children. (See also *Howard* v. *Howard*, 166 Cal.App.2d 386 [333 P.2d 417].)

It does not necessarily follow from the foregoing that a beneficiary is entitled to the full amount of the exemption without regard to the total amount of exempt insurance on the life of the insured decedent or the total number of beneficiaries who may be claimants to the various exemptions. ██ Section 690 applies to any judgment debtor or defendant in an action wherein it is sought to attach or levy on the proceeds of life insurance policies in satisfaction of, or in anticipation of satisfaction of a judgment. The defendant in the instant action is such a defendant. In addition to a particular defendant in a particular action there may be others who also may be entitled to an exemption as a defendant or judgment debtor in the same or other actions wherein it is also sought to attach the same proceeds. If we consider for a moment the exemption authorized by the first paragraph of section 690.19 as standing alone, it is apparent that there is a limit on the aggregate amount of the exemption, which in the instant case is $113,200. To what extent may this exemption be asserted by a particular defendant? ██ One who was a sole beneficiary under a policy would obviously have the right to assert the full amount thereof, if he were a ''judgment debtor or defendant.'' But where there is more than one designated beneficiary of a policy, we must assume that the Legislature intended that each beneficiary who also might become a judgment debtor or defendant could assert some

interest in the exemption. If each could assert the exemption to the full amount thereof, then an aggregate exemption far in excess of that limited by the Legislature would ensue. If the full amount thereof could be asserted by the first who found it desirable or convenient to do so, then other judgment debtors of defendants would be unable to realize any benefit, and it is manifest that the Legislature intended that such persons would also be benefited by the statute. We are persuaded that the only meaning which can reasonably be attributed to the statute, and at the same time preserve the legislative intent, is that each judgment debtor or defendant, or potential judgment debtor or defendant, is entitled to the right to assert the allowable exemption in his behalf in proportion to his interest in the total proceeds of the policy. In the instant case the defendant's interest in the $200,000 of the proceeds of the policy is $119,211.63, or 59.6 per cent thereof. Accordingly, he may assert the exemption to the extent of 59.6 per cent of the aggregate exemption of $113,200, or $67,473.84.

The foregoing construction disregards the second paragraph of section 690.19 and we are mindful of the rule of statutory construction that the whole of a statute should be looked to in order to determine its meaning. In reviewing the legislative history of the instant statute, however, we are satisfied that the construction herein applied to the first paragraph is consistent with the overall legislative intent. It appears that the second paragraph in section 690.19 was added by amendment to the statute in 1947. (Stats. 1947, ch. 1056, pp. 2454-2455.) When proposed in its original form as Senate Bill 440, it would have merely increased the proceeds subject to exemption from those represented by $500 in annual premiums to those represented by $1,000 in annual premiums. But Senate Bill 440 was amended prior to its passage so that instead of modifying the then existing language of the statute, it added the second paragraph, providing for an additional exemption for the spouse and minor children, should they be judgment debtors or defendants. It is thus manifest that the Legislature, while willing to increase the amount of the exemption, limited that increase for the sole benefit and protection of the insured's spouse and minor children. After the amendment the spouse and minor children could claim an exemption of proceeds allocable to premiums of $1,000 annually if they were the sole beneficiaries. On the other hand, the benefits theretofore available to persons other than the insured's

spouse and minor children, remained the same as before. (See 14 Ops. Cal. Atty. Gen. 50 et seq.) Accordingly, our conclusions heretofore made as to the benefits to which the defendant is entitled under the first paragraph of section 690.19 remain unchanged by reason of the amendment to the statute.

From the foregoing it appears that the defendant is entitled to assert the exemption as to $67,473.84 of the proceeds of the policy payable to him.

The order of disallowance is reversed, and the cause remanded with directions to the court below to enter judgment allowing defendant an exemption of $67,473.84 from execution against the proceeds of the policy. The parties will bear their respective costs on appeal.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.