[Civ. No. 26485. Second Dist., Div. Four. Mar. 20, 1963.]

GEORGE E. DANIELSON et al., Cross-complainants and Appellants, v. SHIRLEY L. STOKES et al., Cross-complainants and Respondents.

George E. Danielson, Walter M. Campbell and Thomas T. Johnson, in pro. per., for Cross-complainants and Appellants.

Anderson, McPharlin & Conners and William J. Conners for Cross-complainants and Respondents.

KINGSLEY, J.—George E. Danielson, Walter M. Campbell, and Thomas T. Johnson (appellants) were awarded a summary judgment on their claim for attorneys' fees aris-

ing out of their representation of Jack G. Fisher. Appellants object on appeal to the decision made by the trial court as to the source of payment of their claim. Respondents are various other claimants of proceeds of the policy of life insurance which is the subject of the main action.

In October 1958 Jack G. Fisher contracted to sell his interest in a construction business to Houston Fred Stokes. Stokes agreed to pay $100,000 for the business and to assume all liability and obligations under contracts then existing and to perform such contracts and to hold Fisher harmless from any liabilities then existing or thereafter incurred by Stokes in relation to the contracts. A supplemental agreement was executed by Fisher and Stokes in September 1959 for the purchase and sale of the business and in settlement of a civil action whereby Stokes agreed to pay $120,000 instead of the original $100,000.

Appellants participated in the negotiations for the settlement of Fisher's claim against Stokes. Originally, appellants contracted with Fisher for a contemplated fee of 20 per cent of the recovery on the claim against Stokes. Upon settlement of the claim, Stokes gave Fisher a promissory note for $115,700, secured by an insurance policy on Stokes' life, having a $100,000 face value, payable to Fisher to the extent of the balance of the purchase price which remained unpaid at the time and in the event of Stokes' death. Pursuant to the settlement agreement the policy which was obtained provided for double indemnity in the event death resulted from accidental means and the beneficiaries were named and provided for as "Jack G. Fisher, creditor, as his interest may appear; balance, if any, to Shirley Lee Stokes, wife of the insured if living."

At the time the note was executed appellants and Fisher mutually agreed to reduce the fee to $17,000 plus interest at 6 per cent, *payable out of monies paid by Stokes on the note* (our italics). It was further agreed that appellants would receive 20 per cent of the note proceeds until the $17,000 plus interest was paid. Fisher assigned 20 per cent interest in the note to appellants to secure this agreement.

Stokes died on January 11, 1960, in an aircraft accident, making $200,000 payable under the insurance policy. Many claims were made to the policy proceeds by Stokes' widow and by creditors of Fisher. The insurance carrier interpleaded the several claimants and deposited the insurance proceeds plus interest in court.

Ellis R. Jackson, Globe Indemnity Company, American Casualty Company of Reading, Pennsylvania, and Continental Casualty Company, all creditors of Jack Fisher and of the business sold to Stokes, sought to levy execution on the proceeds of the policy of insurance on the life of Stokes. These actions were finally disposed of by the decision of the California Supreme Court in *Jackson* v. *Fisher,* 56 Cal.2d 196 [14 Cal.Rptr. 439, 363 P.2d 479]. The Supreme Court granted to Fisher an exemption from execution or attachment pursuant to the provisions of sections 690 and 690.19, Code of Civil Procedure, amounting to $67,473.84. This exempt amount represented the proportion allowable by statute (Code Civ. Proc. § 690.19) of Fisher's interest in the policy proceeds at the time of Stokes' death.

Following the Supreme Court's decision in *Jackson* v. *Fisher, supra,* 56 Cal.2d 196, Fisher in the instant action moved for summary judgment for the exempt insurance proceeds. The motion was granted and the clerk of the court was ordered to pay Fisher $67,473.84 plus interest. The record on appeal in this proceeding does not expressly show that the monies so ordered paid have been turned over by the clerk. It may be inferred from the phrasing of the order and judgment appealed from (C.T. 158, lines 22-27) that such payment has been made and counsel so stated, without contradiction, at the argument before us.

Subsequently the trial court granted appellants' motion for summary judgment for fees of $17,000 plus interest, but ordered it to be paid as follows: $13,779.39 out of the amount set aside to Fisher (representing 20 per cent of that amount), and the remaining $3,579.17 to be paid out of the insurance proceeds remaining on deposit in court.

Appellants claim their retainer agreement with Fisher, by its terms relating to lien and assignment, clearly and unequivocally conveyed to them rights to payment out of the fund on deposit in the trial court superior to those of any other party in the interpleader action; that the fund available for said payment in the sum of $117,729.50[1] plus interest, to which Fisher became entitled by virtue of the settlement of his case against Stokes, and that so long as funds are available for such payment, from such sum separate and apart

---

[1] The figure is given as $117,729.50 in one place in appellants' brief, as $117,789.50 in another place and at least twice in the pleadings below, and as $119,211.63 in the opinion in *Jackson* v. *Fisher.* Since the exact amount is not important in the light of our disposition of the case, we have not tried to resolve the ambiguity.

from any part thereof which may have been paid to Fisher as the result of his claim for exemption, the payment to appellants should not be made from Fisher's money.

Respondents argue that if the decision appealed from is erroneous, the party aggrieved is Fisher rather than appellants who by the judgment appealed from received exactly what they asked for. Respondents further claim that appellants cannot waive their lien against the sum awarded to Fisher so as to invade the amount of the insurance proceeds available to respondents through a position which is inferior to that of appellants.

It is fundamental that a party appealing from a court decision must be an aggrieved party. (Code Civ. Proc. § 938.) Any person having an interest recognized by law in the subject matter of the judgment, which interest is injuriously affected by the judgment, is an aggrieved party. (*Estate of Colton,* 164 Cal. 1, 5 [127 P. 643].)

Ordinarily if the judgment or order is in favor of a party he is not aggrieved and cannot appeal. (*Ruben* v. *City of Los Angeles,* 51 Cal.2d 857, 864 [337 P.2d 825]; *Maxwell Hardware Co.* v. *Foster,* 207 Cal. 167, 170 [277 P. 327].) However, there are two exceptions or qualifications to this rule: First, a party who is awarded less than he has demanded may appeal from the unfavorable part of the judgment. (*Spencer* v. *Nelson,* 30 Cal.2d 162, 163-164 [180 P.2d 886].) Second, a party may appeal from a judgment apparently in his favor which is actually against him. (*Quint* v. *McMullen,* 103 Cal. 381 [37 P. 381].)

In the instant case appellants sought a money judgment of $17,000 plus interest which was granted in the full amount payable from two different sources. The record does not disclose any interest of appellants which was injuriously affected by the judgment.

It seems that, by objecting to the portion of the judgment payable out of Fisher's exempt moneys, appellants are impliedly arguing their judgment would not be enforceable out of that fund. However, there is no merit to such position since Fisher's exemption is not effective as against appellants' efforts to enforce (foreclose) their lien on Fisher's recovery. (Code Civ. Proc., § 690.50; *Willen* v. *Willen,* 121 Cal.App. 351, 353 [8 P.2d 942].)

We conclude that appellants received, by the judgment below, all they were entitled to receive, and perhaps more. Their final agreement with Fisher provided that they were to

be paid their fee "out of moneys or other valuables paid by said Stokes" and that they were "to receive 20% of all monies or other valuables received in the payment of said note." (See A.O.B., p. 5.) Clearly, at the time of this agreement the language referred to payments to, and receipt by, Fisher. Having agreed to look to Fisher for the proper payment to them, they cannot now complain that this reliance on the integrity of their client was carried forward into the judgment granted by the trial court. If anything, it would be respondents who might have urged that the entire $17,000 was payable out of the monies already "paid" and "received" by Fisher; since they do not complain, appellants cannot.

The judgment appealed from is affirmed.

Burke, P. J., and Jefferson, J., concurred.