Filed 4/3/14  Nickell v. Matlock CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JERRY NICKELL,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TONIE MATLOCK et al.,<br><br>Defendants and Appellants. | B246970<br><br>(Los Angeles County<br>Super. Ct. No. MC018074) |

APPEAL from orders and a judgment of the Superior Court of Los Angeles County, Carol Koppel, Judge.  (Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Tonie Matlock, in pro. per., for Defendant and Appellant.

Paul Matlock, in pro. per., for Defendant and Appellant.

Charlton Weeks and Erik Gunderson for Plaintiff and Respondent.

_____

This is the second time this matter has come before us.  In *Nickell v. Matlock* (2012) 206 Cal.App.4th 934 (*Nickell I*) we addressed the issue of whether a defaulted defendant was entitled to participate in an open-court evidentiary hearing in a quiet title action pursuant to Code of Civil Procedure section 764.010.  We answered affirmatively, remanding to allow the trial court to hold an open-court evidentiary hearing in which the defaulted defendants, Tonie and Paul Matlock, could participate and awarding the Matlocks their costs on appeal.

The open-court evidentiary hearing now has been held, a judgment quieting title and providing other relief has been entered in favor of the plaintiff, Jerry Nickell, and the Matlocks have appealed.

We hold that, due to the default entered against them, the Matlocks have no right to appeal any aspect of the judgment that does not arise from their right to participate in an open-court evidentiary hearing on the quiet title cause of action.  As to matters that might arise from their right to participate in an open-court evidentiary hearing on the quiet title cause of action, the Matlocks have failed to provide the court with a record on appeal that supports their contentions.  Their failure to do so requires that we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

### A.  The first appeal

Nickell sold real property to the Matlocks, there was a dispute as to what property he conveyed, and Nickell sued the Matlocks and others to quiet title and for other relief. The trial court issued terminating sanctions against Tonie Matlock and terminating and monetary sanctions against Paul Matlock for discovery abuses and entered their default and a default judgment against them, without allowing the Matlocks to participate in an open-court evidentiary hearing on the quiet title cause of action.  (*Nickell I*, *supra*, 206 Cal.App.4th at pp. 938–940.)  The Matlocks appealed.  This court reversed the judgment and remanded, instructing the trial court to allow the Matlocks to "participate in an open-court evidentiary hearing to determine the merits of the quiet title action."  (*Id.* at p. 947.)

2

**B. This appeal**

The trial court held an open-court evidentiary hearing over a three-day period in December 2012 and January 2013. The Matlocks were represented by counsel. The hearing was continued twice at the Matlocks' request "to give the Matlocks additional time and opportunity to provide the court with additional documentary and other evidence . . . ." On all three hearing dates, the Matlocks "actually participated in the open-court evidentiary hearing by way of proffering testimony and documentary evidence and by conducting cross-examination of witnesses and questioning of all parties and counsel by the Court." The trial court signed a settled statement and a statement of decision prepared by Nickell. The court found in favor of Nickell on all his causes of action and entered judgment for him on January 25, 2013.

After judgment was entered, the Matlocks sought recovery of costs on appeal pursuant to this court's order. Each sought $213.66, for a total of $427.32. On October 5, 2012, Nickell filed a "Motion to Tax Costs (CLAIMED ON APPEAL AND FOR OFFSET OF APPEAL COSTS AGAINST OUTSTANDING SANCTIONS (HEARING 11/29/12))." This motion is missing from the superior court's file and the appellate record, as is any order that resulted therefrom. From the arguments of the parties and the court's file, we glean that the motion to tax contained a request that the trial court offset against the award of costs on appeal a prior award of monetary sanctions for abuse of discovery against Paul Matlock or the Matlocks. We also glean that the trial court declined to tax costs but did offset against the cost award the amount of monetary sanctions for abuse of discovery that had been issued previously. The record on appeal does not indicate that the Matlocks' defaults were ever vacated.

The Matlocks appeal the results of both the "motion to tax costs" and the decision on the merits of the quiet title action. Nickell does not dispute the ripeness or timeliness of this appeal. Nickell and the Matlocks are the only parties to this appeal.

In December 2013, we augmented the record by ordering the superior court file. We take judicial notice pursuant to Evidence Code section 452, subdivision (b) of Nickell's proposed settled statement, signed by the court and filed on January 15, 2013,

3

Nickell's proposed statement of decision, signed by the court and filed on February 25, 2013, and the absence of any order setting aside the Matlocks' default. For ease of analysis, we set forth the contents of the settled statement and the statement of decision where they are discussed below.

**THE MATLOCKS' ARGUMENTS ON APPEAL**

The Matlocks' opening brief recites that they are appealing from a December 27, 2012 order on a motion to tax the Matlocks' costs and also on the merits of the judgment on the quiet title action.

**A. "Motion to tax costs" arguments**

Nickell made a motion to tax the costs on appeal claimed by the Matlocks, which the trial court apparently denied. The Matlocks have no right or reason to appeal that favorable order. (See *Maxwell Hardware Co. v. Foster* (1929) 207 Cal. 167, 170 [if judgment or order is in favor of party, that party is not "aggrieved" and lacks standing to appeal favorable order]; *Ruben v. City of Los Angeles* (1959) 51 Cal.2d 857, 864.)

Thus, it appears that, notwithstanding the title of the opening brief, the Matlocks' appeal is not of the favorable ruling on the motion to tax costs, but rather of the trial court's order on Nickell's request in the motion to offset the award of costs on appeal by the amount that had been awarded as monetary sanctions for abuse of discovery against the Matlocks in favor of Nickell prior to *Nickell I.* In essence, the Matlocks challenge the court's order issuing monetary sanctions for discovery abuse, which was made before the Matlocks' default was entered prior to the first appeal.

The Matlocks' arguments as to "the motion to tax costs" appear to be as follows:

1. The monetary sanctions awarded against them for discovery abuse prior to the first appeal should not have been offset against this court's award of costs on appeal in their favor because the sanctions award nullifies and effectively overturns this court's order awarding costs on appeal.

2. Attorney fees should have been awarded as costs to the Matlocks.

3. Copying costs should have been calculated at a higher rate per page.

4

4.  This court should issue an order requiring counsel for Nickell to produce documents concerning its liability insurance.

## B.  Quiet title arguments

The Matlocks argue:

1.  The opinion of this court in the prior appeal required that the Matlocks prevail on the merits in the quiet title action.

2.  The trial court erred because the Matlocks did not receive sufficient notice of the open-court evidentiary hearing.

3.  The trial court erred by not insuring that the Matlocks were provided with witness lists 45 days before "trial."

4.  The Matlocks' due process rights were violated.[1]

## DISCUSSION

## A.  The Matlocks' appeal as to issues other than those that arise out of their right to participate in an open-court evidentiary hearing on the quiet title cause of action are barred because the Matlocks are defaulted parties.

Where a default judgment is entered against a party, that party is held "'to "confess" the material facts alleged by the plaintiff,'" and the default "'has the same effect as an express admission of the matters well pleaded in the complaint.  The judgment is, in consequence, *res judicata* on the issue of the right to the relief awarded.'" (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823, quoting 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 153, p. 570.)  "A classic statement of the rule is found in *Brown v. Brown* (1915) 170 Cal. 1, 5: 'The judgment which follows upon this sort of admission is, in contemplation of law, a complete adjudication of all the rights of the parties embraced in the prayer for relief and

---

[1] During oral argument the Matlocks argued for the first time that the property had been subdivided illegally.  We allowed both sides to file letter briefs.  We have concluded that the Matlocks' argument lacks merit because, inter alia, any division of the property occurred in 1961 or 1962 and the Subdivision Map Act states that "any parcel created prior to 1972 shall be conclusively presumed to have been lawfully created." (Gov. Code, § 66499.6.)

5

arising from the facts stated in the complaint, including the facts in his favor as well as those against him.  The defendant here is presumed to have acceded to the proposition embraced in the complaint and to have consented that plaintiff should obtain the relief therein prayed for, upon the conditions and facts set forth in the complaint.'"  (*Steven M. Garber & Associates*, at p. 823, fn. 10.)

In a quiet title action, however, a defaulting defendant is accorded a right that defaulting parties in other matters do not possess.  The defaulting defendant is entitled pursuant to Code of Civil Procedure section 764.010 to participate in an open-court evidentiary hearing to determine the merits of the quiet title action.  (*Nickell I*, *supra*, 206 Cal.App.4th at p. 938.)

A defaulting defendant in a quiet title action is not relieved of the other disabilities imposed as a result of the default.  As the court recognized in *Harbour Vista, LLC v. HSBC Mortgage Services Inc.* (2011) 201 Cal.App.4th 1496 (*Harbour Vista*), quoted in *Nickell I*, *supra*, 206 Cal.App.4th at page 942, "[I]t is not true . . . that allowing a defendant to participate in a quiet title judgment hearing nullifies the legal effect of a default. . . .  [Code of Civil Procedure] section 764.010 does not prohibit a quiet title plaintiff from taking a defendant's default.  Once that happens, the defendant is severely disadvantaged.  The plaintiff is no longer required to serve documents on it or give notice of any future court dates. . . .  This cuts the defendant off from the most readily available source of information about the case.  The defendant also cannot participate in any other hearings or conferences with the court.  In fact, the most likely outcome is that the defaulting defendant will not learn of the hearing to adjudicate title until it is too late to attend."  (*Harbour Vista*, *supra*, 201 Cal.App.4th at pp. 1504–1505, citation omitted.)  After an evidentiary hearing is held and a default judgment is entered, a defaulting defendant in a quiet title action "will have to move to have the default and the judgment set aside under [Code of Civil Procedure] section 473, subdivision (b), in order to contest the judgment."  (*Harbour Vista*, at p. 1508.)

Our decision in *Nickell I* and the decision in *Harbour Vista* clearly contemplate that, although Code of Civil Procedure section 764.010 does not allow a defaulting

6

defendant in a quiet title action to be deprived of the right to participate in the open-court evidentiary hearing, a defaulting defendant in a quiet title action is still burdened with all the other consequences that befall a defendant who has had a default judgment entered against him.

The Matlocks have not confined their arguments on appeal to issues arising from their right to participate in the open-court evidentiary hearing. Their arguments concerning "the motion to tax costs" listed above range beyond those issues and cannot be considered on appeal because the Matlocks never cured their defaults. Thus, we need not address their arguments.[2]

**B. The record on appeal is inadequate to support the Matlocks' arguments arising from their right to an open-court evidentiary hearing on the quiet title cause of action.**

**1. The record on appeal does not provide a basis for concluding the trial court erred on the merits in any way in ruling on the quiet title action.**

### a. Appeal on an incomplete record

Rule 8.163 of the California Rules of Court addresses the standards to be applied when the record on appeal is incomplete. It provides: "The reviewing court will presume that the record in an appeal includes all matters material to deciding the issues raised. If the appeal proceeds without a reporter's transcript, this presumption applies only if the claimed error appears on the face of the record." The consequence of this rule is that, if the record on appeal does not show error on its face, the Court of Appeal will presume in the absence of a reporter's transcript that the trial court did not err. (*Dumas v. Stark* (1961) 56 Cal.2d 673, 674; *Codekas v. Dyna-Lift Co.* (1975) 48 Cal.App.3d 20, 23, fn. 1.)

Moreover, where the appeal does not contain a reporter's transcript, the reviewing court presumes there was substantial evidence to support the judgment. "'It is elementary

---

[2] Even if we could, the Matlocks have failed to provide us with a copy of the motion seeking the offset or the order granting the offset. Nor have they provided any evidence that they raised in the trial court the issues on which they now appeal. Indeed, the record indicates that such costs were not included in their cost bills.

and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment.' [Citations.]" (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

### b. The record on appeal supplied by the Matlocks

The record on appeal supplied by the Matlocks consists primarily of the opinion we issued in this case on June 4, 2012 (*Nickell I*, *supra*, 206 Cal.App.4th 934), the Matlocks' notices of the current appeal and designations of the record on this appeal, the superior court's case summary, filings concerning peremptory challenges, the Matlocks' memorandum of costs on appeal and their brief in opposition to Nickell's motion to tax costs on appeal and for offset, court filings concerning the scheduling of the hearing on the motion to tax costs and for an evidentiary hearing on the merits of Nickell's quiet title cause of action, documents concerning the chapter 7 bankruptcy of Tonie Matlock, documents concerning the Matlocks' representation agreement with counsel and substitution of counsel, the Matlocks' motion to use a settled statement in lieu of a reporter's transcript, the Matlocks' proposed settled statements, and the trial court's order approving Nickell's proposed settled statement. The Matlocks' civil case information sheet attaches the judgment signed by the trial court. The Matlocks have not included in the record any reporter's transcript of the proceedings.

The principal documentation offered by the Matlocks as to the evidence adduced and the legal theories pursued at the open-court evidentiary hearing consists of their own proposed settled statements. The trial court did not sign them and instead adopted the settled statement and statement of decision submitted by Nickell, which contradict the Matlocks' settled statements.

Nickell contends the record on appeal is inadequate to support the Matlocks' arguments. Nickell argues in pertinent part that the Matlocks' failure to include in the record on appeal any document describing the evidence adduced at the open-court evidentiary hearing is fatal to the Matlocks' appeal. We agree there is no support in the

8

record from which we may conclude the trial court erred in any legal decision, in exercising its discretion, or in ruling without substantial evidence.

### c. The statement of decision and settled statement signed by the trial court

The statement of decision submitted by Nickell and signed by the trial court on February 25, 2013, states the following.

"The open court evidentiary hearing having started December 27, 2012 and held thereon, and having been continued at the request of the Matlocks to January 7, 2013 and held thereon, and having been continued again at the request of the Matlocks to January 15, 2013 and held thereon, on all three dates of the evidentiary hearing, all parties present having actually participated in the open-court evidentiary hearing by way of proffering testimony and documentary evidence and by conducting cross-examination of witnesses and questioning of all parties and counsel by the Court.

"The Court, after consideration of all evidence and argument described hereinabove, finds as follows:

"1. Jerry Nickell, Tonie Matlock and Paul Matlock, and each of them, on July 27, 2006, [were] experienced in real estate transactions. Jerry Nickell was an experienced builder of property and both Tonie Matlock and Paul Matlock had been owners of several other parcels of real estate which they had purchased and rented to third parties. All of them had been parties to contracts to buy or sell real estate prior to this date, and all possessed the intellectual understanding of the importance of contracts to buy and sell real property and the identification of property within those transactions.

"2. On July 27, 2006, Jerry Nickell was the owner of two parcels of property, one identified as 37424 90th Street East, Littlerock, CA 93543, APN 3042-015-007, and the other identified as 37418 90th Street East, Littlerock, CA 93543, APN 3042-015-008. On that date, both parcels had been substantially improved and had large single-family houses substantially near completion built upon them as of that date. Each parcel is approximately one-half acre in size.

9

"3.  An agreement by which Jerry Nickell agreed to sell, and Tonie Matlock agreed to buy, improved real property identified as 37424 90th Street East, Littlerock, CA 93543, APN 3042-015-007 to Tonie Matlock in exchange for payment of $435,900.00 to Jerry Nickell was reached on July 27, 2006.  There was no mistake of fact or law as to the transaction between Jerry Nickell on the one hand and Tonie Matlock on the other hand as to improved real property identified as 37424 90th Street East, Littlerock, CA 93543, APN 3042-015-007.

"4.  Based upon then-prevailing market conditions, $435,900 was a fair and appropriate price for improved real property identified as 37424 90th Street East, Littlerock, CA 93543, APN 3042-015-007, which was (and is) a parcel of land of one-half acre with a single family home improved thereon.

"5.  However, $435,900 would not have been fair and appropriate for one acre of land with two houses improved thereon, and it would have been significantly lower than prevailing market conditions for a transaction of two houses and two half-acre lots.  It was not Jerry Nickell's intent to sell two houses on two half-acre parcels for the then-prevailing price of a single house on a single half-acre parcel.

"6.  In this transaction, Jerry Nickell did not intend to sell property identified as 37418 90th Street East, Littlerock, CA 93543, APN 3042-015-008 to Tonie Matlock, both of them, or any entity or trust owned or controlled by either or both of them, or any entity or trust owned or controlled by either or both of them.

"7.  There was no other transaction for Jerry Nickell to sell any real property to Tonie Matlock, Paul Matlock, both of them, or any entity or trust owned or controlled by either or both of them.

"8.  Property identified as 37418 90th Street East, Littlerock, CA 93543, APN 3042-015-008, was not included as an incentive to . . . Tonie Matlock, Paul Matlock, both of them, or any entity or trust owned or controlled by either or both of them in the sale of property identified as 37424 90th Street East, Littlerock, CA 93543, APN 3042-015-007 from Jerry Nickell to Tonie Matlock and Paul Matlock.

10

"9.  As individuals who were at the time experienced in the transaction and sale of real estate, Tonie Matlock, Paul Matlock, or both of them could have insisted on identification of the property to be conveyed in the transaction to explicitly include the improved real property known as 37418 90th Street East, Littlerock, CA 93543, APN 3042-015-008, through inclusion of that property to be identified by assessor's parcel number, street address, total square footage of property improvements, or through reference to two single-family homes.  None of this happened, as reflected in the purchase-sale contract, escrow instructions, property listings, property appraisals, title insurance, disclosures of the conditions of the property, tax documents, or any other documents prepared contemporaneously with the agreement to sell the property.

"10.  As a matter of fact, the Court finds that Jerry Nickell did not sell the improved real property known as 37418 90th Street East, Littlerock, CA 93543, APN 3042-015-008 to . . . Tonie Matlock, Paul Matlock, both of them, or any entity or trust owned or controlled by either or both of them.

"11.  The claim of Tonie Matlock and Paul Matlock that because at one time real property known as 37424 90th Street East, Littlerock, CA 93543, APN 3042-015-007 and real property known as 37418 90th Street East, Littlerock, CA 93543, APN 3043-015-008 were once a single lot and at one time a county planning document made reference to parcels with a minimum lot size of one acre renders both parcels forever together and inseparably parts of a whole single parcel is found to be without legal or factual merit. The parcels are severable and separately alienable, and in fact have been severed from one another.  As of August 3, 2006, they have had separate and different titled owners, to wit, real property known as 37424 90th Street East, Littlerock, CA 93543, APN 3042-015-007 became the property of Tonie Matlock and was subsequently lost to foreclosure, whereas real property known as 37418 90th Street East, Littlerock, CA 93543, APN 3042-015-008 was after August 3, 2006 the property of Jerry Nickell, which it remains to this day.

"12.  The deed purporting to convey title to both Tonie Matlock and Paul Matlock, document 06-1922384, is mistaken and erroneous to the extent that it includes within the

11

description of property conveyed as including real property known as 37814 90th Street East, Littlerock, CA 93543, APN 3042-015-008 within the scope of its grant. The deed should be reformed and title to real property known as 37418 90th Street East, Littlerock, CA 93543, APN 3042-015-008 should be quieted in favor of Jerry Nickell.

"13. Tonie Matlock and Paul Matlock subsequently lost title to improved real property identified as 37424 90th Street, Littlerock, CA 93543, APN 3042-015-007 to foreclosure. The foreclosure of improved real property identified as 37424 90th Street East, Littlerock, CA 93543, APN 3042-015-007 did not affect Jerry Nickell's claim to title on improved real property known as 37418 90th Street East, Littlerock, CA 93543, APN 3042-015-008.

"Accordingly, judgment is to be entered in favor of Jerry Nickell and against Tonie Matlock and Paul Matlock. [Nickell's] proposed form of judgment is granted and the Court signs and executes that proposed form of judgment, which shall become the judgment of the Court."

The settled statement, which provides our only record of the open-court evidentiary hearing held January 7 and 15, 2013, was submitted by Nickell and signed by the trial court on January 15, 2013. It consists of introductory paragraphs followed by the identical wording of the statement of decision set forth above. The introductory paragraphs add some additional information, the principal content of which is that the Matlocks were represented by counsel in the open-court evidentiary hearing and that at least part of the hearing was recorded by a court reporter.

**d. Given the state of the record, there is no basis for questioning the trial court's decision on the merits of the quiet title cause of action.**

The statement of decision and the settled statement signed by the trial court do not contain anything that would discredit them. The statement of decision is virtually identical to the record supplied by the settled statement. There is no inconsistency. The Matlocks' own proposed settled statement is inadmissible. It is simply their hearsay version of what happened, which was rejected by the trial court. The Matlocks have failed to provide this court with a reporter's transcript or any admissible evidence that

12

shows the trial court made any legal error, abused its discretion, or acted without substantial evidence.

This situation is analogous to some appeals on the judgment roll of long ago, where the record was so incomplete "it was impossible to determine upon what theory the case was tried, what evidence was introduced, or on what claims the jury based its verdict." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeals, § 356, p. 411.)

There is nothing on the face of the record or elsewhere that establishes error.

**C.  *Nickell I* did not entitle the Matlocks to prevail in the quiet title action.**

The Matlocks' claim that, because they prevailed on the first appeal, they were entitled to prevail in the quiet title action is unfounded.  In *Nickell I* we simply remanded to the trial court to allow the Matlocks "to participate in an open-court evidentiary hearing to *determine* the merits of the quiet title action."  (*Nickell I*, *supra*, 206 Cal.App.4th at p. 947, italics added.)  We did not "*pre*determine" the merits, as the Matlocks argue.

**D.  As parties in default, the Matlocks were not entitled to notice of the hearing or service of witness lists 45 days in advance of the hearing and have not shown they were deprived of due process.**

The Matlocks express dissatisfaction with the amount of notice they received of the open-court evidentiary hearings on the quiet title action, notwithstanding that their two requests for continuances were granted, they were represented by counsel, and they "actually participated in the open-court evidentiary hearing by way of proffering testimony and documentary evidence and by conducting cross-examination of witnesses and questioning of all parties and counsel by the Court."

The Matlocks have not provided the court with any evidence that the notice was inadequate.  However, even if they had, they were not entitled to any notice because they were in default. (*Nickell I*, *supra*, 206 Cal.App.4th at p. 942, quoting *Harbour Vista*, *supra*, 201 Cal.App.4th at pp. 1504–1505; Code Civ. Proc., § 1010 [defaulted defendant not entitled to notice or service of papers].)

13

Similarly, the Matlocks complain that they were not served with witness lists 45 days prior to trial. Again, *Harbour Vista* and *Nickell I* make it clear that a defaulted party in a quiet title action is not entitled to service of documents. (*Nickell I*, *supra*, 206 Cal.App.4th at p. 942, quoting *Harbour Vista*, *supra*, 201 Cal.App.4th at pp. 1504–1505.)

Apparently the Matlocks claim that lack of notice or nonservice of documents or some unspecified factor deprived them of due process in connection with the open-court evidentiary hearing on the quiet title cause of action. They have provided no evidence that supports any such claim. Indeed, the statement of decision indicates their right to participate was honored.

## DISPOSITION

The orders and the judgment are affirmed. Respondent Jerry Nickell is to recover his costs on appeal.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


ROTHSCHILD, Acting P. J.


CHANEY, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.