[No. B230321. Second Dist., Div. One. June 4, 2012.]

JERRY NICKELL, Plaintiff and Respondent, v.
TONIE MATLOCK et al., Defendants and Appellants.

COUNSEL

Tonie Matlock, in pro. per., for Defendant and Appellant.

Paul Matlock, in pro. per., for Defendant and Appellant.

Charlton Weeks and Erik Gunderson for Plaintiff and Respondent.

OPINION

**MALLANO, P. J.**—It is hornbook law that a defaulting defendant cannot participate in a prove-up hearing. (See 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 175, p. 617; 46 Am.Jur.2d (2006) Judgments, § 304, pp. 629–630; 40A Cal.Jur.3d (2006) Judgments, § 40, pp. 75–76.) In California, however, there is a statutory exception to this rule in quiet title actions (Code Civ. Proc., § 764.010; all undesignated section references are to that code). Here, the trial court did not allow the defaulting defendants in a quiet title action to put on evidence at a prejudgment evidentiary hearing.

We conclude the default judgment must be reversed so defendants may participate in a prejudgment evidentiary hearing to determine the merits of the quiet title action.

# I

## BACKGROUND

According to the operative complaint, plaintiff Jerry Nickell owned real property in Littlerock, California. The parcel was subdivided into a "north half" and a "south half." Nickell intended to sell the north half to defendant Tonie Matlock and to keep the south half for himself. Defendant Paul Matlock, Tonie's husband, was not a party to the transaction. The escrow company prepared a grant deed that incorrectly described the transferred property as the entire parcel. Nickell discovered the misdescription before the closing date and brought it to the attention of the escrow agent. He was told the escrow company would correct the error after the closing. On August 3, 2006, Nickell executed the grant deed conveying the entire parcel to Tonie Matlock. The deed was recorded on August 29, 2006, and escrow closed. The escrow company never corrected the error in the deed.

After the sale, Nickell lived on the south half of the parcel, where he built a house. The Matlocks lived on the north half in a house built before the sale.

At some point, the Matlocks threatened to have Nickell removed from the south half, asserting Tonie had purchased the entire parcel. Nickell did not "enter[] his property [after the Matlocks] ejected him from [it]."

On April 2, 2007, Nickell filed this quiet title action against the Matlocks. Amended complaints followed. The second amended complaint became the operative complaint. The Matlocks filed a verified answer to each of the three complaints.

Discovery commenced. The Matlocks repeatedly failed to appear for their depositions even though the trial court ordered their appearance. Nickell moved for terminating and monetary sanctions. On July 28, 2009, the trial court, Judge Brian C. Yep presiding, granted the motion as to Paul Matlock only, awarding monetary sanctions in the amount of $715 and ordering that Paul's answer be stricken and his default entered. Tonie Matlock met the same fate by order dated December 10, 2009, but without monetary sanctions.

On August 10, 2010, the trial court, Commissioner Robert A. McSorely presiding, entered judgment, quieting title in favor of Nickell. The judgment recites that the Matlocks appeared in the case and that their answers were stricken and their defaults entered. The docket entries in the trial court reflect that no evidentiary hearing was held. The judgment does not indicate otherwise but states that "evidence ha[s] been introduced by the declaration [*sic*] of Jerry Nickell and his attorney."

The record does not show that the clerk of court or a party served the Matlocks with a file-stamped copy of the judgment or a "notice of entry" of the judgment.

On September 23, 2010, Tonie Matlock filed a motion to vacate the default and the default judgment. Paul did not file such a motion. By order dated December 14, 2010, the trial court denied Tonie's motion. Nickell contends the motion was denied by order on October 13, 2010.

Tonie Matlock filed an appeal from the judgment on January 14, 2011. Paul Matlock separately appealed on February 4, 2011. The two appeals were assigned the same case number in this court.

Nickell filed a motion as to each appeal, seeking their dismissal as untimely. We deferred ruling on the motions until we considered the appeals.

# II

## DISCUSSION

"Because [these appeals involve] the application of a statute to undisputed facts, we are presented with a question of law and review the trial court's decision de novo." (*Gonzalez v. County of Los Angeles* (2004) 122 Cal.App.4th 1124, 1129 [19 Cal.Rptr.3d 381].)

Nickell contends neither appeal is timely. The Matlocks argue to the contrary. They also assert that, notwithstanding the entry of default, they should have been allowed to present their claims to the property at a prejudgment evidentiary hearing. We address timeliness first and conclude that both appeals are timely. On the second issue, we agree with the Matlocks that, under section 764.010, they are entitled to participate in a prejudgment evidentiary hearing to determine the ownership of the property.

### A. *Timeliness of Appeals*

■ Nickell asserts that the time within which the Matlocks had to appeal started to run upon the imposition of terminating sanctions—when their answers were stricken and their defaults entered—not when the judgment was entered. He is wrong. An order granting terminating sanctions is not appealable, and the losing party must await the entry of the order of dismissal or judgment *unless* the terminating order is inextricably intertwined with another, appealable order. (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1433 [133 Cal.Rptr.3d 465]; accord, *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 264 [26 Cal.Rptr.3d 831]; see *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960 [134 Cal.Rptr.2d 206] [appeal lies from default judgment, not entry of default].) This rule is particularly appropriate here because the Matlocks complain that the trial court erred, not by imposing terminating sanctions, but by preventing them from participating in a postsanctions evidentiary hearing to determine the merits of the quiet title action. In short, the error alleged on appeal had not even occurred when the terminating sanctions were imposed. Because the order granting terminating sanctions is not inextricably intertwined with another, appealable order, the time to file an appeal commenced on the day judgment was entered.

The judgment was entered on August 10, 2010. Neither the clerk of court nor a party served a file-stamped copy of the judgment on the Matlocks, nor was a "notice of entry" of the judgment served. The Matlocks therefore had a maximum of 180 days from the day judgment was entered within which to

file an appeal (excluding any tolling attributable to Tonie Matlock's motion to vacate the default and default judgment). (See Cal. Rules of Court, rule 8.104(a).)

Tonie Matlock filed an appeal on January 14, 2011—157 days after judgment was entered. Her appeal is therefore timely regardless of any tolling.

Paul Matlock filed an appeal on February 4, 2011—178 days after judgment was entered. Thus, his appeal is timely. Nickell's motions to dismiss the appeals are accordingly denied.

### B. *Participation in Evidentiary Hearing*

One of the statutes governing quiet title actions, section 764.010, states: "The court shall examine into and determine the plaintiff's title against the claims of all the defendants. The court shall *not enter judgment by default* but shall in all cases require evidence of plaintiff's title and *hear such evidence as may be offered respecting the claims of any of the defendants*, other than claims the validity of which is admitted by the plaintiff in the complaint. The court shall render judgment in accordance with the evidence and the law." (Italics added.)

In *Harbour Vista, LLC v. HSBC Mortgage Services Inc.* (2011) 201 Cal.App.4th 1496 [134 Cal.Rptr.3d 424] (*Harbour Vista*), the Fourth Appellate District held in a split decision that, under section 764.010, a defaulting defendant in a quiet title action has the right to participate in a noticed evidentiary hearing to determine the merits of the action. *Harbour Vista* was decided after briefing had been completed in this appeal. We asked the parties to file supplemental letter briefs addressing the effect, if any, of that decision. They did so.

As *Harbour Vista* explained: "The Legislature has not left anything to the imagination about whether a trial court can enter a default judgment in a quiet title action. 'The court shall not enter default judgment' is unequivocal. Moreover, unlike the ordinary default prove-up, in which a defendant has no right to participate . . . , before entering *any* judgment on a quiet title cause of action the court must 'in all cases' 'hear such evidence as may be offered respecting the claims of any of the defendants' . . . . Although the statute does not spell out who offers this evidence among the three possible candidates—the plaintiff, the court, or the defendant—the only sensible alternative is the defendant." (*Harbour Vista, supra*, 201 Cal.App.4th at p. 1502, citations omitted.)

In general, "after a plaintiff has obtained a default [against a defendant who failed to file a timely response to the complaint], the defendant no

longer has any right to participate in the case. . . . Under section 764.010, by contrast, the court must 'in all cases' 'hear such evidence as may be offered respecting the claims of *any* of the defendants' . . . before it can render judgment. 'Any' defendant has to include a defendant whose default has been taken, and 'all cases' must mean even cases in which a default has occurred. If a defendant shows up before judgment is entered, the court must 'hear such evidence' as this party may offer about its claims, even if the defendant is in default. We can see no other way of interpreting this statute." (*Harbour Vista, supra*, 201 Cal.App.4th at p. 1504, citation omitted.)

"[I]t is not true . . . that allowing a defendant to participate in a quiet title judgment hearing nullifies the legal effect of a default. . . . [S]ection 764.010 does not prohibit a quiet title plaintiff from taking a defendant's default. Once that happens, the defendant is severely disadvantaged. The plaintiff is no longer required to serve documents on it or give notice of any future court dates. . . . This cuts the defendant off from the most readily available source of information about the case. The defendant also cannot participate in any other hearings or conferences with the court. In fact, the most likely outcome is that the defaulting defendant will not learn of the hearing to adjudicate title until it is too late to attend." (*Harbour Vista, supra*, 201 Cal.App.4th at pp. 1504–1505, citation omitted.)

The court in *Harbour Vista* continued: "[A]llowing a defaulting defendant to participate in a hearing is unusual—verging on unique. But, then again, real property is unique, and the vast majority of these actions deal with real property. Perhaps the rationale behind the legislative creation of this juridical platypus can be gleaned from the history of the statute. [¶] . . . [¶]

". . . [O]nce a quiet title judgment on any grounds becomes final, it is good against all the world as of the time of the judgment. There is, for all practical purposes, no going back. Given the frequency with which quiet title actions involve real property—which is recognized as unique—it is understandable that the Legislature would want to take every precaution to assure title is adjudicated correctly. These precautions could reasonably include allowing a defendant having some claim to the property to present evidence, even if it has been dilatory in responding beforehand. Under these circumstances, suspending the prohibition against allowing a defaulting defendant to partici-pate in an adjudication hearing seems not at all farfetched." (*Harbour Vista, supra*, 201 Cal.App.4th at pp. 1505–1506.)

In *Harbour Vista*, the dissenting justice argued that section 764.010 required the *plaintiff* to put on evidence of the *defendant's* claims, not that the defendant itself be allowed to do so. (*Harbour Vista, supra*, 201 Cal.App.4th at pp. 1510–1512 (conc. & dis. opn. of Aronson, J.).) The majority disagreed,

stating: "This position . . . does not sufficiently recognize the adversarial nature of a quiet title action. Given both the nature of an adversarial proceeding and an attorney's duty of loyalty to his or her client, we cannot really expect plaintiff's counsel to present evidence or argue in favor of a defendant's adverse claim. Yet the statute requires the court to 'hear such evidence as may be offered respecting the claims of any of the defendants.' . . . Although it is true that a quiet title action requires plaintiff to acknowledge some adverse claim to its title in order to establish a legal controversy, plaintiff's counsel cannot possibly present and argue this claim to the court with the enthusiasm and thoroughness he or she would address to his or her own client's claim. Unless the defendant has at least the opportunity to present its own evidence, the court will be hampered in discharging its duty to 'render judgment in accordance with the evidence and the law.' " (*Id.* at p. 1504 (maj. opn.), citation & fns. omitted.)

The dissent in *Harbour Vista* also expressed concern that a defaulting defendant could appear for the first time at the prejudgment evidentiary hearing and present evidence of a claim to the property that the plaintiff did not reasonably anticipate. (See *Harbour Vista, supra*, 201 Cal.App.4th at pp. 1514, 1516–1517 (conc. & dis. opn. of Aronson, J.).) But as the majority emphasized: "[A] defendant who pulled such a stunt would hardly find favor with the trial court, which would, in all likelihood, continue the hearing to allow the plaintiff to respond to the newly presented evidence. We are confident of the trial courts' ability to forestall trials by ambush." (*Id.* at p. 1505 (maj. opn.), fn. omitted.) "Even if the defaulting defendant appeared at the last minute out of desperation, having just found out about the hearing, and presented evidence the court and the plaintiff had not seen, we would expect the court to continue the hearing." (*Id.* at p. 1505, fn. 9.)

For his part, Nickell distinguishes *Harbour Vista* on the ground that the defendant in that case failed to make an appearance, while the Matlocks, who filed an answer to each complaint, made their claims known during the course of the litigation. The Matlocks also misused the discovery process by violating court orders to be deposed, resulting in their defaults. We find this distinction to be of no consequence, as we now explain.

■ Nickell correctly states that, as provided in the Code of Civil Procedure, a trial court may impose sanctions on a party for misusing discovery, including "[a]n order rendering a *judgment by default.*" (§ 2023.030, subd. (d)(4), italics added.) But as that code also provides: "The statutes and rules governing practice in civil actions generally apply to [quiet title] actions . . . *except where they are inconsistent* with the [quiet title] provisions . . . ." (§ 760.060, italics added.) ■ Section 764.010—the quiet title provision that prohibits *judgments by default*—contains no language

limiting its applicability to a nonappearing defendant. Nor does it exclude a defendant whose default is entered as a discovery sanction. "[B]efore entering *any* judgment on a quiet title cause of action the court must 'in all cases' 'hear such evidence as may be offered respecting the claims of any of the defendants.' " (*Harbour Vista, supra,* 201 Cal.App.4th at p. 1502.) ■ We should "give effect and significance to every word and phrase of a statute." (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476 [66 Cal.Rptr.2d 319, 940 P.2d 906].) ■ A "judgment by default" is flatly prohibited in *every* quiet title action. Although section 764.010 places no constraints on a trial court's authority to enter a defendant's default in a quiet title action, it does preclude the entry of a *judgment* by default. (See *Harbour Vista,* at pp. 1502, 1504–1505.) Nor does the statute restrict a trial court's authority to impose a monetary sanction, issue sanction, evidence sanction, contempt sanction, or terminating sanction—other than a judgment by default—for misuse of the discovery process. (See § 2023.030.)

■ Regardless of the reason for the entry of default—failing to appear or misusing discovery—quiet title actions should be exempt from a judgment by default because "once a quiet title judgment on any grounds becomes final, it is good against all the world as of the time of the judgment." (*Harbour Vista, supra,* 201 Cal.App.4th at p. 1506.) With only a few narrow exceptions (see §§ 764.030–764.045, 764.070), a judgment in a quiet title action is "binding and conclusive on all . . . persons . . . [¶] . . . known and unknown who were parties to the action [and] . . . [¶] . . . all persons who were not parties to the action" (§ 764.030). "Generally, judgment in a quiet title action operates *in rem,* binding all persons (known and unknown) claiming an interest in the property." (Greenwald & Asimow, Cal. Practice Guide: Real Property Transactions (The Rutter Group 2011) ¶ 11:534, p. 11-109 (rev. # 1, 2010), citing § 764.030; see Greenwald & Asimow, Cal. Practice Guide: Real Property Transactions, *supra,* ¶¶ 11:537 to 11:542, pp. 11-110 to 11-111 [discussing exceptions to binding nature of quiet title judgment].) And the statutory provisions governing quiet title actions (§§ 760.010–765.060) concern only one type of claim while the statutes authorizing discovery sanctions (§§ 2023.010–2023.040) apply to claims of any type. Where two statutes cover the same subject and would lead to different results, the specific statute—here, section 764.010—takes precedence over the more general one—here, section 2023.030, subdivision (d)(4). (See *Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1017 [106 Cal.Rptr.2d 381] & fn. 47; *Ovadia v. Abdullah* (1994) 24 Cal.App.4th 1100, 1110 [29 Cal.Rptr.2d 527]; § 1859.)

■ We also disagree with Nickell's contention that the Matlocks' disclosure of evidence during discovery satisfies the dictates of section 764.010. Discovery proceedings are not the legal equivalent of a prejudgment evidentiary hearing to determine the merits of a quiet title action. Such a hearing is

mandatory: "[A] quiet title judgment requires a hearing in open court. Although section 764.010 does not mandate oral argument—and we do not hold oral argument is necessary, though it may be helpful—the statute requires examining plaintiff's title and hearing defendant's evidence 'in all cases.' . . . [¶] The court clearly acts as a fact finder and adjudicates issues when it determines whether to quiet title in the plaintiff. . . . [T]he statute does not explicitly permit evidentiary objections, [but] we believe this feature is implicit in the portion of the statute that 'require[s] evidence of plaintiff's title' and requires the court to hear defendant's evidence. If evidence is to be received, the court must fulfill its gatekeeper function, and that would require considering objections. The court must decide whether the evidence is sufficient in any event, because it must render judgment 'in accordance with the evidence . . . .' . . . Allowing objections from each side assists the court in making this determination. Finally, a quiet title judgment clearly involves a matter of considerable significance to the parties. If quiet title is the sole cause of action, the hearing is, in effect, the trial of the entire matter. . . . [I]t warrants an open-court hearing." (*Harbour Vista, supra*, 201 Cal.App.4th at pp. 1507–1508, citation omitted.)

As Division Five of this appellate district held in *Yeung v. Soos* (2004) 119 Cal.App.4th 576 [14 Cal.Rptr.3d 502] (*Yeung*): "[S]ection 764.010 . . . require[s] . . . an evidentiary hearing in a quiet title action after default. In quiet title actions, default proceedings must be conducted by means of evidentiary hearings. . . . In [such] actions, judgment may not be entered by the normal default prove-up methods; the court must require evidence of the plaintiff's title. . . . 'If properly served defendants have not appeared, their default may be entered by the clerk, and judgment entered after a default prove-up hearing. . . . All proof that plaintiff would have had to present at trial, however, must be presented at that hearing; a declaration or other summary procedure will not be permitted. Live witnesses must testify, and complete authentication of the underlying real property records is essential.' " (*Yeung*, at p. 581, citations omitted; see *Harbour Vista, supra*, 201 Cal.App.4th at pp. 1515–1516 (conc. & dis. opn. of Aronson, J.) [in quiet title action, plaintiff may not rely on declarations in proving its claim to property].)

*Yeung* was the first case to construe section 764.010. (See *Yeung, supra*, 119 Cal.App.4th at p. 581, fn. 4.) There, the Court of Appeal concluded, "the trial court erred when it entered a quiet title judgment utilizing normal default prove-up procedures, without an evidentiary hearing." (*Id.* at p. 578.) *Harbour Vista* reached the same conclusion. (*Harbour Vista, supra*, 201 Cal.App.4th at p. 1508.) *Yeung* did not address, as *Harbour Vista* did, whether a defaulting defendant had a right under section 764.010 to participate in an evidentiary hearing.

In *Yeung*, the Court of Appeal stated: "[S]ection 764.010 is frequently referred to as a prohibition against default judgments in quiet title actions. . . . 'However, *the provision against default judgments [in quiet title actions] appears to be a misnomer; i.e., it seems only to require a higher standard of evidence at the "prove-up" hearing [ ].' . . .* Competent evidence is required at the hearing of a quiet title action after default. . . . [S]ection 764.010 simply provides that *a plaintiff does not have a right to entry of judgment in his or her favor as a matter of course following entry of the defendant's default* in a quiet title action. . . . [T]he statute was expressly intended to be consistent with . . . section [585], subdivision (c), which concerns default judgments where service is by publication." (*Yeung, supra,* 119 Cal.App.4th at pp. 580–581, citations omitted, some italics added.)

In dicta, *Yeung* cited secondary authority—Weil and Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2003) paragraph 5:271, page 5-59—for the proposition that section 764.010 does not prohibit judgments by default but " 'seems only to require a higher standard of evidence at the "prove-up" hearing [].' " (*Yeung, supra,* 119 Cal.App.4th at p. 580.) As *Harbour Vista* pointed out: "The interaction between *Yeung* and the practice guide provides an insight into the creation of legal authority. The sentence from the 2003 version of Civil Procedure Before Trial cited in [*Yeung*]—the sole authority for the court's conclusion—is phrased tentatively: the provision[, section 764.010,] 'appears' to be a misnomer; it 'seems' to require a higher standard of proof. In 2009, however, the practice guide takes a much firmer stand: 'Th[e] statutory prohibition on default judgments in quiet title actions is inaccurate. It simply means plaintiff does not have a right to judgment in his or her favor as a matter of course following entry of defendant's default.' (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2009) ¶ 5:271, p. 5-65.) The authority for this categorical statement about the statute's 'inaccuracy' is, of course, *Yeung*." (*Harbour Vista, supra,* 201 Cal.App.4th at p. 1503, fn. 5.)

*Harbour Vista* rejected the notion, suggested in *Yeung*, that section 764.010 merely " ' "require[s] a higher standard of evidence at the 'prove-up' hearing []." ' " (*Harbour Vista, supra,* 201 Cal.App.4th at p. 1502, quoting *Yeung, supra,* 119 Cal.App.4th at p. 580.) As stated in *Harbour Vista*: "[T]he prohibition against default judgments in quiet title actions appears absolute. If the Legislature had wanted . . . to increase the standard of proof for a quiet title default judgment, it would have constructed this statute differently; it would have addressed the standard of proof. Forbidding default judgments entirely seems an unlikely and excessively subtle way of accomplishing such a goal." (*Harbour Vista, supra,* 201 Cal.App.4th at p. 1503.) In addition, *Harbour Vista* criticized as "unclear" the observation in *Yeung* that " 'a plaintiff does not have a right to entry of judgment in his or her favor *as a*

*matter of course* following entry of the defendant's default in a quiet title action.' " (*Harbour Vista*, at p. 1503, quoting *Yeung*, at p. 581; see *Harbour Vista*, at p. 1503, fn. 6.)

We agree with *Harbour Vista* that the dicta in *Yeung* is erroneous, specifically: " '[T]he provision against default judgments [in quiet title actions] appears to be a misnomer; i.e., it seems only to require a higher standard of evidence at the "prove-up" hearing [].' " (*Yeung, supra*, 119 Cal.App.4th at p. 580.) Under the plain meaning rule (see *Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 162 [110 Cal.Rptr.3d 180]), the unambiguous language of section 764.010 precludes a traditional default prove-up in quiet title actions and imposes an absolute ban on a "judgment by default" in such actions.

Further, we clarify *Yeung*'s comment—"a plaintiff does not have a right to entry of judgment in his or her favor *as a matter of course* following entry of the defendant's default . . ." (*Yeung, supra*, 119 Cal.App.4th at p. 581)—to mean that, notwithstanding a defendant's default in a quiet title action, the plaintiff is not automatically entitled to judgment in its favor but must prove its case in an evidentiary hearing with live witnesses and any other admissible evidence (see *id.* at p. 581 & fn. 4 [discussing evidentiary hearing]; *Harbour Vista, supra*, 201 Cal.App.4th at p. 1503, fn. 6 (maj. opn.) [same]; *Harbour Vista*, at p. 1514 (conc. & dis. opn. of Aronson, J.) [same]). In cases like this one, the plaintiff must also overcome the admissible evidence offered by a defaulting defendant.

Finally, Tonie Matlock, but not Paul, argues the trial court exhibited bias in granting terminating sanctions. She also contends Nickell's counsel had a conflict of interest and one of his attorneys committed perjury in seeking terminating sanctions. No evidence or authority is cited to support these conclusory assertions. Accordingly, they are forfeited. (See Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 [126 Cal.Rptr.2d 178]; *Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379 [122 Cal.Rptr.2d 204]; *Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.4th 227, 237–238 [118 Cal.Rptr.2d 313].)

In sum, the judgment is reversed, and the Matlocks are entitled on remand to participate in an open-court evidentiary hearing to determine the merits of the quiet title action.

## III

## DISPOSITION

Plaintiff's motions to dismiss the appeals as untimely are denied. The judgment is reversed and, on remand, the trial court shall permit defendants to participate in an open-court evidentiary hearing to determine the merits of the action. Defendants are entitled to costs on appeal.

Rothschild, J., and Chaney, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 15, 2012, S203985.