Filed 9/17/20  Smith v. Khun CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| SAMUEL FITZGERALD SMITH, | C088763 |
| Cross-defendant and Appellant, | (Super. Ct. No. STKCVPRP20150005215) |
| v. | |
| JASMINE KHUN, | |
| Cross-complainant and Respondent. | |

In this quiet title action, cross-defendant Samuel Fitzgerald Smith argued his lender JD Brothers, LLC, wrongfully foreclosed upon his home (the home) and sold it to cross-complainant Jasmine Khun.[1]  Because of this invalid transfer, Smith argued, Khun was not a bonafide purchaser of the home.  The trial court disagreed and found Smith failed to prove he held superior title to the home.  Consequently, the trial court quieted title in favor of Khun.  We affirm.

---

[1]    The record reflects Jasmine Khun was erroneously sued as Jasmine Kuhn.  We will refer to her by her given name throughout this opinion.

1

FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2015, Khun filed and served Smith with a cross-complaint for quiet title and declaratory relief. Khun alleged she was the rightful owner of the home, despite Smith's previous lawsuit alleging he was the rightful owner. Due to a series of mishaps, Khun ultimately filed a request for entry of default on the cross-complaint in November 2017. Default was entered the same day it was requested.

Both parties were present at the default prove-up hearing, with Smith representing himself.[2] "The parties were provided a hearing in open court with the opportunity to present evidence and cross[-]examine witnesses pursuant to [Code of Civil Procedure section ]764.010. The matter was set for short cause hearing and the matter was completed in approximately two (2) hours. The parties were given the opportunity to provide further legal authority to the court and both parties presented the court with points and authorities following the hearing."

In Smith's points and authorities, he argued Khun was not a bonafide purchaser of the home. He pointed to his success in an unlawful detainer action regarding the home to demonstrate that JD Brothers, LLC, lacked any right to sell the home to Khun at a foreclosure sale.

Smith also requested judicial notice of three exhibits. The court took judicial notice of one -- an order vacating judgment in favor of Sutton Funding against Smith in an October 2010 case. The order granting Smith's motion to vacate the judgment provided that Sutton Funding filed a complaint for judgment against Smith regarding the home. The order does not specify what that complaint alleged or sought as relief. Following judgment in the matter, Smith filed a motion to vacate the judgment and based on "additional findings, the motion [was] granted."

---

[2]     The record does not contain a reporter's transcript of this hearing.

The court did not take judicial notice of two requested exhibits. The first exhibit had a two-page cover sheet purporting to be from the Secretary of State's office. The cover sheet provides "[t]hat the attached transcript of 10[3] page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct." The cover sheet is dated May 20, 2011, and includes a file number and document number. The second page also appears to be from the Secretary of State, purporting to be page two of two. It includes a disclaimer regarding the accuracy of searches conducted in the Secretary of State's databases and contains the same document number as on the first page. The third page is an unrecorded deed of reconveyance dated August 26, 2006. The deed purports to convey the home to Smith upon his surrender for cancelation the funds constituting two mortgages with WMC Mortgage Corporation four days after having initially received the funds. The next three pages appear to be the promissory note for one of the mortgages referenced in the deed of reconveyance and the four pages after that appear to be a promissory note for the other mortgage. The final two pages are filing copies of forms filled out by Smith. The first is entitled "INFORMATION REQUEST" and appears to be a request for information held by the Secretary of State regarding debts associated with Smith and the home. The next form is entitled "CORRECTION STATEMENT" and appears to be for the purpose of correcting records filed in "a filing office described in Section 9-501(a)(1)." Smith did not identify a specific record to correct, but alleged a record was inaccurate and wrongfully filed. Specifically, that his lender did not have the right to foreclose on him without a valid contract between the parties.

The second exhibit the court denied taking judicial notice of purported to be a recorded "GRANT DEED." The deed was recorded on October 22, 2010, and provided

---

**3** The number 10 on this document appears of a different color quality than the rest of the text. Further it has a line above it, unlike any other item of text in the document.

that Smith as grantor granted the home to himself as grantee for consideration of a dollar and reserved a life estate for himself as grantor. With this deed was a declaration of an attorney that all accompanying documents to the declaration were true and correct. The declaration does not refer to any specific document. The next page is a typewritten document with a single paragraph providing, "The title is respectfully is [*sic*] to be reverted back to the original owner. The Vacated Judgment Order in the petition, [the home], The rights of entitlement were not that of Sutton Funding LLC to Foreclose, Transfer, evict, sale, and encumber of said, [home]. ([Redacted] certified copy of Vacated Judgment Order.)"[4]

The court took judicial notice of several documents proffered by Khun, including a grant deed recorded on October 13, 2010, wherein "JD Brothers, LLC granted to [Khun] the [home]." It further considered Khun's declaration wherein she declared she "resided in the [home] since on or about the day [she] became the owner. [She has] maintained the property and [her] home, maintained insurance on the property since [she] became the owner and paid all real property taxes current."

Based on this evidence and the testimony presented at the hearing, the trial court found the home "was conveyed to [Khun] on October 13, 2010. [Khun] has resided on the subject property for eight (8) years. She has paid to insure the subject property and has paid the taxes on the subject property for the last eight (8) years. During the last eight (8) years [Khun] has maintained the physical welfare of the subject property. [¶] [Khun] established that there was a valid conveyance from a former record holder, followed by occupancy with acts of ownership such as construction of improvements

---

**4** Khun requested judicial notice of this deed as well, however, her copy appears to be the result of a search from a database and has indicia of a business record. Khun's copy of the deed is three pages, one less than defendant's proffer. Khun's copy does not include an attorney's declaration to the truth of the accompanying paragraph of text concerning ownership of the home.

4

thereby establishing a prima facie case to quiet title." The trial court further found Smith presented no evidence showing he was the owner of legal title to the home. Because the burden shifted to Smith to prove superior title over Khun and he presented no evidence in that regard, "Smith owns no right, title, estate, lien, or interest in the subject property."

The trial court quieted title for all purposes against Smith "and all those claiming any interest arising from and/or through" him. It further enjoined him "from making any further claim to the [home] adverse to [Khun] by legal action or otherwise."

Smith appeals.

DISCUSSION[5]

I

*Smith Received A Fair Trial*

Smith argues the court denied him a fair trial by failing to hold an evidentiary hearing as required in quiet title actions. We disagree.

"Although [Code of Civil Procedure] section 764.010 places no constraints on a trial court's authority to enter a defendant's default in a quiet title action, it does preclude the entry of a *judgment* by default." (*Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 944.) A plaintiff "must prove its case in an evidentiary hearing with live witnesses and any other admissible evidence," and "overcome the admissible evidence offered by a defaulting defendant." (*Id*. at p. 947.) This is exactly what happened here. The court held a two-hour hearing, at which it heard witnesses and took evidence from the parties, including Smith's three requests for judicial notice. The court thereafter entered judgment based on the evidence presented at the hearing and not based on Smith's

---

[5]    In her appellate brief, Khun argues the dismissal of Smith's complaint was proper. But Smith did not appeal that ruling. Smith appealed the trial court's ruling after a default prove-up hearing on Khun's cross-complaint. While Smith's briefing may be unfocused and at times quite unclear, we can ascertain three arguments Khun neither addresses nor argues are forfeited. Thus, we will address them.

5

default.  Thus, the trial court complied with its duty under Code of Civil Procedure section 764.010, and Smith was not denied a fair trial.

## II

*The Court Properly Denied Smith's Request For Judicial Notice Of Two Exhibits*

Smith argues the trial court erred by denying his request for judicial notice of two exhibits.  We agree with the trial court that those exhibits lacked sufficient reliability to be judicially noticed.

"The burden is on the party requesting judicial notice to supply the court with sufficient, reliable and trustworthy sources of information about the matter.  Resort to accurate sources of information is necessary to enable a court to take judicial notice of many matters."  (*People v. Maxwell* (1978) 78 Cal.App.3d 124, 130.)

Smith contends the exhibit containing an unrecorded deed of reconveyance, two promissory notes, and copies of request forms are reliable because he filed those documents with the Secretary of State.  While Smith may have filed the documents with the Secretary of State, we are not convinced the documents he submitted for judicial notice represent the file the Secretary of State holds regarding this issue.  The cover sheet references a file number that does not appear on any page purporting to be part of that file.  The attached pages do not appear to be part of a single file produced from a searched database, but rather multi-sourced documents relevant to the home.  Further, the cover sheet lacks sufficient reliability, because of its age and signs of tampering, to permit judicial notice.

The exhibit containing an October 22, 2010, grant deed similarly lacks indicia of reliability.  The deed does not appear to be an official record or the copy of a record produced by a records search.  In any event, the trial court took judicial notice of a similar document offered by Khun that included indicia the deed was the product of a records search.  Accordingly, the trial court did not err by denying Smith's request for judicial notice of the two requested exhibits.

## III

### *The Trial Court Did Not Err By Finding Khun Owned The Home*

Smith argues Khun did not prove by clear and convincing evidence that her chain of title was valid. Specifically, he contends JD Brothers, LLC, did not have authority to sell the home at a foreclosure sale to Khun, and thus Khun was not a bonafide purchaser of the home. We disagree.

It appears Smith is referencing Evidence Code section 662 when arguing Khun was required to prove ownership by clear and convincing evidence. That section provides, "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." (Evid. Code, § 662.) But this section does not apply in cases like this one where "title itself is challenged as not genuine."[6] (See *People v. Semaan* (2007) 42 Cal.4th 79, 88.) Instead, the preponderance of the evidence standard of proof governs determination of the issue. (*Murray v. Murray* (1994) 26 Cal.App.4th 1062, 1068.)

" 'In a quiet title action the plaintiff must prove [her] title in order to recover.' " (*Preciado v. Wilde* (2006) 139 Cal.App.4th 321, 326.) Even in an evidentiary hearing after entry of default, a defendant is entitled to submit evidence disproving the plaintiff's claim to legal title. (*Nickell v. Matlock*, *supra*, 206 Cal.App.4th at p. 945.) " 'The court must decide whether the evidence is sufficient in any event, because it must render judgment "in accordance with the evidence. . . ." ' " (*Ibid.*)

Here, the documentary and testimonial evidence established Khun was transferred legal title to the home from JD Brothers, LLC, through a grant deed recorded on October 13, 2010. (See *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 265 [we may take judicial notice of "the fact of a document's recordation, the date the document

---

**6**      Moreover, Smith has not submitted evidence showing he is the legal titleholder and entitled to this presumption.

was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity"], disapproved on other grounds by *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939, fn. 13.)  While Smith argues JD Brothers, LLC, did not hold legal title to transfer to Khun, he presented no evidence showing that to be the case.  The October 19, 2010, order vacating judgment in a prior action between Smith and Sutton Funding, while relevant to the home, does not establish JD Brothers, LLC, lacked legal title to the home to transfer to Khun.  The order vacating judgment does not specify what type of judgment was vacated or affirmatively declare what rights Smith had to the home.  Assuming the order vacated an unlawful detainer judgment, this does not mean Smith was legally entitled to the home as he believes.  A vacated judgment returns the parties to the status quo, meaning the issue remains unresolved.  (See *Rodriquez v. Cho* (2015) 236 Cal.App.4th 742, 755.)  Consequently, this order fails to shed doubt on Khun's legal title to the home.

Because Khun established she held legal title to the home and Smith did not rebut that showing during the evidentiary hearing, the trial court did not err by finding Smith owns no right to the home and quieting his title accordingly.

## DISPOSITION

The judgment is affirmed.  Khun is awarded costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/_____
Robie, J.

We concur:

/s/_____
Raye, P. J.

/s/_____
Hull, J.

8