Filed 1/28/21  Estate of Utan CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| Estate of SRI T. UTAN, Deceased. | |
| SRI MURNIATI UTAN et al.,<br><br>        Petitioners and Respondents,<br>v.<br>THIAT JOE LIANG,<br><br>        Objector and Appellant. | A158276<br><br>(San Mateo County<br>Super. Ct. No. PRO126163) |

Thiat Joe Liang appeals from the probate court's denial of his motion under section 473, subdivision (b) of the Code of Civil Procedure[1] to set aside its order imposing terminating sanctions.  We conclude the probate court's order is not appealable, so we dismiss the appeal.

### I.    BACKGROUND

Liang's wife, Sri T. Utan, passed away in March 2015.  A dispute then arose between Liang and Sri T. Utan's siblings and other family members (collectively, the Utans) regarding a house in Burlingame.  Sri T. Utan allegedly owned the house as her separate property with one sister on behalf of the Utans as a group.  In October 2015, Liang filed an ex parte spousal

---

[1] Undesignated statutory citations are to the Code of Civil Procedure.

property petition alleging that a portion of the property had been community property and asking for it to be transferred to him. Liang did not give notice of his petition to the Utans. The probate court granted the petition the same day it was filed. Liang recorded the order and then transferred title to a portion of the house into his revocable trust.

The probate court later agreed with the Utans that the order had been obtained by extrinsic and intrinsic fraud, and it granted their request to set the order aside. The Utans objected to Liang's petition and filed a petition of their own under Probate Code section 850 to compel Liang to transfer the house to them. The Utans' petition also asked for damages and other relief for alleged fraud, conversion, and other claims.

Over the course of the next three years of litigation, the Utans were never able to depose Liang despite multiple attempts and efforts. In early March 2019, the Utans moved for terminating or other sanctions based on Liang's alleged evasion of his deposition and other discovery. Around the same time, Liang moved to dismiss the action with prejudice or, in the alternative, to continue all of the deadlines for the case based on his health problems and lack of legal representation.

The probate court dismissed Liang's spousal property petition with prejudice. The probate court also granted the Utans' motion for terminating sanctions and denied their request for monetary sanctions. Due to a misunderstanding, the probate court further ruled that the Utans' petition had been withdrawn. The probate court subsequently granted the Utans' request for reconsideration and reinstated their petition. The court instructed the Utans that they needed to file a petition for default in order to prove up the relief they requested in their petition, including their requests for damages and to determine the ownership of the Burlingame house.

In June 2019, Liang filed a motion to set aside the order for terminating sanctions under section 473, subdivision (b). Liang argued he made an excusable error in failing to oppose the sanctions motion by requesting a reasonable accommodation of his discovery obligations under California Rules of Court, rule 1.100, due to his disability resulting from his health problems. Liang repeated multiple times that he had been hospitalized for 73 days during the last four months of 2018, which had prevented him from complying with or seeking an extension of a stipulated deadline for his deposition. Liang also asserted that his illness prevented him from properly communicating with the court at the sanctions hearing.

The probate court denied the motion because there was no showing the result would change even if the court vacated its order. In an oral statement of decision, the probate court also explained that it denied Liang's motion based on the entire history of the litigation, which included years of Liang's obstruction. The probate court further stated that it did not believe Liang's allegations regarding his disability and found that Liang's credibility was destroyed by his history of foot-dragging in the litigation.

## II.   DISCUSSION

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "A trial court's order is appealable when it is made so by statute." (*Ibid.*) "It is well established that '[a]ppeals which may be taken from orders in probate proceedings are set forth in . . . the Probate Code, and its provisions are exclusive.' [Citation.] 'There is no right to appeal from any orders in probate except those specified in the Probate Code.' [Citation.] 'Appeals in general probate . . . matters are limited.' [Citation.] '[I]f there was a free appeal in every probate matter,

3

estates could be unreasonably delayed.' " (*Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1125–1126.)

The Utans point out that our Supreme Court held 80 years ago that an order denying a motion under section 473 is not appealable in probate court. (*In re O'Dea's Estate* (1940) 15 Cal.2d 637, 639.) In response, Liang cites a line of cases culminating in *Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755, which summarized that "it is well established that a probate order's appealability is determined not from its form, but from its legal effect." Liang argues that because the ultimate result of the denial of his motion under section 473, subdivision (b) was the imposition of terminating sanctions, which are a drastic remedy, the order is appealable. In support of his appealability argument, Liang cites section 904.1, subdivisions (a)(1) and (10) and Probate Code sections 1300, subdivision (k) and 1303, subdivisions (f)–(h).[2]

While the ultimate effect of the probate court's order denying Liang's section 473, subdivision (b) motion may be the entry of terminating sanctions, we do not agree that the substance of the order itself is identical to one imposing terminating sanctions for the purposes of appeal. As one court explained outside the probate context, "[a] party seeking under section 473 to relieve himself of a dismissal injects into the case new elements of mistake, inadvertence, surprise and excusable neglect. Newly revealed facts, or the hitherto unrevealed impact of known facts, may demonstrate that the moving party was effectually deprived of a meaningful opportunity to defend against the original motion. These newly revealed circumstances may also persuade the trial court that the dismissal should not have been ordered—that it would

---

[2] Liang's brief cites section 914.1, which does not exist. We assume he intended to cite section 904.1.

4

not have been ordered had the plaintiff an opportunity to present the circumstances to the court in the first instance. Thus, the discretion of the trial court in disposing of the motion to vacate will be affected or controlled by facts not before it on the original hearing [citation]; and the action of the appellate court will be based upon a record not available to the plaintiff had he appealed from the dismissal itself." (*Daley v. County of Butte* (1964) 227 Cal.App.2d 380, 388–389.) An appeal from the denial of Liang's section 473, subdivision (b) motion should therefore focus on his alleged disability at the time of the hearing and whether his error in not citing California Rules of Court, rule 1.100 was excusable. But Liang ignores both of these points and instead addresses only the merits of the underlying sanctions order. We find no support in any authority Liang has cited for his approach of treating the denial of his motion for discretionary relief under section 473, subdivision (b) as in effect a second opportunity to appeal the sanctions order itself.[3]

In any event, even if we were to treat the substance of the probate court's denial of Liang's motion under section 473, subdivision (b) as identical to the substance of its order imposing terminating sanctions, none of the statutes Liang cites would allow him to appeal the probate court's sanctions order. Section 904.1, subdivision (a)(1) states that a judgment is appealable. Subdivision (a)(10) of the same statute states that an order is appealable if it is made appealable by the Probate Code. Probate Code section 1300,

---

[3] Only one of the cases Liang cites involved a motion under section 473, and it did not involve section 473, subdivision (b)'s discretionary relief provision. *In re Estrem's Estate* (1940) 16 Cal.2d 563, 566, held an appellant could appeal the denial of a motion under section 473's provision allowing for the vacation of a void order. The appellant's motion was based on the theory that the original order was void for lack of jurisdiction, so the merits of the motion were identical to the merits of the original order. (*Id.* at pp. 566, 569–571.) That is not the case here.

5

subdivision (k) allows an appeal from an order "[a]djudicating the merits of a claim made under Part 19 (commencing with Section 850) of Division 2." Probate Code section 1303, subdivisions (f)–(h) also allow an appeal from the grant or the refusal to grant orders determining to whom a distribution should be made, directing the distribution of property, or determining that property passes to, or confirming that property belongs to, a surviving spouse under section 13656.

The probate court's dismissal of Liang's spousal property petition might qualify as a refusal to grant an order determining or confirming that property passes to a surviving spouse order and therefore be appealable under Probate Code section 1303, subdivision (h). However, it is not clear that the dismissal of his petition was one of the terminating sanctions the probate court ordered. Liang himself requested a dismissal with prejudice because, as he explained at the hearing, a deed had recorded that made it unnecessary for him to litigate the probate matter to obtain a ruling that Sri T. Utan's interest in the Burlingame property had passed to him. Liang stated he was only litigating the case to defend the Utans' claims against him. It is likewise unclear if Liang is now interested in reversing that dismissal. Regardless, it is a jurisdictional requirement that a party be aggrieved by an order to have standing to appeal it. (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.) Liang cannot be aggrieved by the dismissal of a petition that he requested, so he does not have standing to appeal the dismissal of his spousal property petition.

Accordingly, Liang may only appeal the sanctions order to the extent that it concerned the Utans' petition under Probate Code section 850. But the sanctions order, as amended after the probate court granted the Utans' request for reconsideration, did not create a judgment or adjudicate the

6

merits of the Utans' petition, as would be necessary for an appeal under section 904.1, subdivision (a)(1) or Probate Code section 1300, subdivision (k). Nor did it determine which parties are entitled to distribution of the Burlingame property or direct the distribution of the property, as would be necessary for an appeal under Probate Code section 1303, subdivisions (f) and (g). At the hearing on the Utans' request for reconsideration, the probate court recognized that further proceedings were necessary to resolve these issues and the Utans' related requests for damages and other relief. The only impact of the terminating sanctions order was to set the stage for a default hearing at which the court would dispose of the substance of the Utans' contentions. (*Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 196 [a trial court's "order awarding terminating sanctions has no effect at all unless and until the trial court enters a judgment of dismissal or other order effectuating its award of terminating sanctions"].) The sanctions order is therefore not appealable under any of the statutes Liang has cited. (See *Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 940 ["An order granting terminating sanctions is not appealable, and the losing party must await the entry of the order of dismissal or judgment unless the terminating order is inextricably intertwined with another, appealable order," italics omitted].)

In their respondents' brief, the Utans ask for an award of attorneys' fees as sanctions against Liang for filing a frivolous appeal. "Under California Rules of Court, rule 8.276(b)(1), a request for sanctions on appeal must be raised in a separate motion; '[s]anctions cannot be sought in the respondent's brief.' " (*Symmonds v. Mahoney* (2019) 31 Cal.App.5th 1096, 1114.) The Utans have also "failed to 'include a declaration supporting the

amount of any monetary sanction sought.'  (Cal. Rules of Court, rule 8.276(b)(1).)"  (*Ibid.*)  We therefore deny the Utans' request for sanctions.

## III.    DISPOSITION

The appeal is dismissed.  Respondents are awarded their costs on appeal.


BROWN, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.


*Utan v. Liang* (A158276)