Filed 6/1/22  Lee v. Kobayashi CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SEOK CHAN LEE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>YUKI KOBAYASHI,<br><br>    Defendant and Appellant. | B307848<br><br>(Los Angeles County Super. Ct. No. 20STRO02272) |

 

APPEAL from an order of the Superior Court of Los Angeles County, Michael J. Convey, Judge.  Affirmed.

Yuki Kobayashi in pro per. for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————————

Yuki Kobayashi appeals from a civil harassment restraining order issued against him, protecting respondent Seok Chan Lee and Lee's wife, Gwang Hwa Ju. Kobayashi asserts the order was not based on substantial evidence and that the restrictions the court placed on his First and Second Amendment rights were unconstitutionally overbroad. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

### 1. Harassing Conduct by Kobayashi

Kobayashi and Lee live a couple doors apart in the upper level of a small apartment complex. On April 26, 2020, Kobayashi began hosing down the hallway between their units. Kobayashi sprayed water on Lee's rug, which was hanging outside Lee's unit. Lee and his wife exited their apartment and asked Kobayashi to stop spraying. As they approached, Kobayashi sprayed them in the face and body. In an effort to distract Kobayashi, Lee's wife then threw a cardboard box, which was outside Kobayashi's unit, down the stairs. Kobayashi went into his unit, retrieved a hand gun, and from inside his screen door, pointed it at Lee and his wife. Another neighbor witnessed Kobayashi brandish the gun at Lee and his wife. Lee and his wife retreated to their apartment and called the police, who eventually detained Kobayashi.[1] Kobayashi apparently was not arrested or charged with a crime.

### 2. Lee's and Kobayashi's Petitions for Civil Harassment Restraining Orders

On April 27, 2020, Lee sought a civil harassment restraining order pursuant to Code of Civil Procedure, section

---

[1] The parties do not appear to dispute these facts.

2

527.6, to protect him and his wife from Kobayashi.[2]  The request detailed the events described above.  That same day, the trial court issued a temporary restraining order protecting Lee and his wife from Kobayashi, and requiring Kobayashi to relinquish his firearms to law enforcement.

On May 12, Kobayashi filed a response to Lee's request.

On May 18, 2020, the court held a hearing on the restraining order.  The court ordered the temporary restraining to remain in effect until the next hearing.  Although the record does not contain a copy of Kobayashi's request for a restraining order, it appears that he did in fact file one because the court ruled on it at the next hearing.

3.      ***The Court Grants Lee's Petition for a Restraining Order Against Kobayashi and Denies Kobayashi's Petition***

On June 8, 2020, the trial court held a hearing on both petitions and heard testimony from Lee, his wife, a neighbor who witnessed the incident, and Kobayashi.[3]  The trial court found that Kobayashi sprayed Lee and his wife.  Then Lee and his wife "began to move objects near Mr. Kobayashi's door in an effort to distract him.  At this point in time, both parties were acting with aggression.  I found it very credible and believable that Mr. Kobayashi felt he was being threatened by the conduct of M[r]. Lee and his wife moving toward him.  [¶]  [Kobayashi] moved into his apartment.  At that point the proper action . . . to defuse the

---

[2]      All further undesignated statutory references are to the Code of Civil Procedure.

[3]      Kobayashi represented himself throughout the proceedings. At the hearing, Lee also was self-represented.

3

situation would be if [sic] Mr. Kobayashi closed his door and reported the incident to the landlord. Instead Mr. Kobayashi went into his apartment and came back with a gun, which he pointed toward Mr. Lee and his wife."

The court explained, "I understand he feels like he was being threatened, but when he took the gun and pointed it at Mr. Lee and his wife, he escalated the situation to the point that Mr. Lee and his wife reasonably felt they were in physical danger of their lives and their bodies. When Mr. Kobayashi pointed the gun, he committed an act of unlawful violence under the Civil Harassment Act. And Mr. Lee has shown this by clear and convincing evidence. And the court finds that he has met that burden by all of the evidence I heard, including Mr. Kobayashi's testimony. [¶] That act alone is sufficient for a civil harassment restraining order."

The court found that Kobayashi's testimony "to be credible as to the long history that these parties have of conflict and dispute, but it is not harassment."

The court granted Lee's petition for a civil harassment restraining order for a period of three years. The court issued the typical personal conduct orders, requiring Kobayashi not to contact Lee and his wife. The court ordered Kobayashi to stay at least three yards away from Lee, his wife, their home, their vehicle, and their places of work. The court ordered Kobayashi to relinquish firearms and barred him to possessing, buying or receiving firearms or ammunition.

The court denied Kobayashi's request for an order restraining Lee.

4

### 4. *Denial of Kobayashi's Motion for New Trial*

On June 22, 2020, Kobayashi moved for a new trial, arguing, among other things, that Lee failed to prove unlawful harassment, and that the restraining order's first amendment restrictions and gun restriction were unconstitutionally overbroad. On August 12, 2020, the trial court denied Kobayashi's motion. In a written opinion, the court reiterated its finding that Kobayashi's brandishment of a gun at Lee and his wife constituted substantial evidence supporting the order. The court also stated: "a firearm restriction order did not violate the law; it is within the constitution to restrict firearm ownership or possession after granting a permanent order, as specifically stated in Section 527.6[, subdivision] (u)."

Kobayashi appealed. Lee did not file a Respondent's Brief.

### DISCUSSION

Kobayashi asserts substantial evidence does not support certain of the court's factual findings. He also contends the personal conduct orders were unconstitutionally overbroad in violation of his First Amendment rights, and that the firearm restriction was unconstitutional.

### 1. *Civil Harassment Restraining Orders Generally*

Section 527.6 empowers a person who has suffered harassment to obtain a restraining order against their harasser, upon proof that the harasser committed unlawful violence, made a credible threat of violence, or engaged in a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. " 'Credible threat of violence' is a knowing and willful statement or course of conduct that would place a reasonable person in fear for the person's safety or the safety of

5

the person's immediate family, and that serves no legitimate purpose." (§ 527.6, subd. (b)(2).) A trial court may issue a restraining order only upon proof by clear and convincing evidence. (§ 527.6, subd. (i).)

We review issuance of a civil harassment restraining order for abuse of discretion, and the factual findings necessary to support the protective order for substantial evidence. (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, disapproved on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7 (*O.B.*).) When "the clear and convincing standard of proof applied in the trial court, an appellate court should review the record for sufficient evidence in a manner mindful of the elevated degree of certainty required by this standard." (*O.B.,* at pp. 1000–1001.) " 'The appropriate test on appeal is whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record. [Citation.] But whether the facts, when construed most favorably in [the petitioner's] favor, are legally sufficient to constitute civil harassment under section 527.6, and whether the restraining order passes constitutional muster, are questions of law subject to de novo review.' " (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497 (*Harris*).)

Here, where the parties did not request a statement of decision, under the doctrine of implied findings, " 'appellate courts reviewing the appealed judgment must presume the trial court made all factual findings necessary to support the [order] for which there is substantial evidence.' " (*Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, 197.)

## 2.     *Substantial Evidence Supported the Trial Court's Findings of Harassment and Future Threat*

Kobayashi argues the restraining order is not supported by substantial evidence. He asks us to exclude from our analysis the fact he pointed a handgun at Lee because he was acting in self-defense. Kobayashi also asserts the trial court erred in granting the civil harassment restraining order based on a single incident because the court did not make an express finding of a future threat of harm and there was no evidence of a future threat of harm.

### a.     *Defendant Failed to Show He Acted in Self Defense*

Per Section 527.6, subdivision (b)(7), the unlawful violence constituting harassment "does not include lawful acts of self-defense or defense of others." (§ 527.6, subd. (b)(7).) A party may claim self-defense only where the force is justifiable and no more than reasonably necessary in light of the circumstances. (*In re Marriage of G.* (2017) 11 Cal.App.5th 773, 779.)

Here, it is undisputed that during an argument over watering the walkway, Kobayashi sprayed his neighbors with a hose, and then pointed a gun at them. The trial court reasonably found that Kobayashi "escalated the situation to the point that Mr. Lee and his wife reasonably felt they were in physical danger of their lives and their bodies." At a minimum, the court impliedly found that brandishing the gun was an overreaction, not reasonably necessary to protect himself. The neighbors were not armed and did not enter Kobayashi's home. Kobayashi had an opportunity to de-escalate the situation by simply shutting his front door and calling the landlord. He instead chose to threaten them with a gun. This act alone was sufficient to prove harassment—a credible threat of lethal violence, not in self-

7

defense.

Kobayashi argues he did not escalate the situation because he did not shoot his gun or injure anyone. We are unpersuaded: Kobayashi's argument blithely ignores the seriousness of pointing a deadly weapon at another person, the impact his conduct had on Lee and his wife, and how his conduct was not justified as a reasonable response to Lee's actions. This disconnect augments the reasonableness of the court's exercise of discretion to issue the restraining order.

      b.     *The Court's Implied Finding of Future Harm Was Supported by Substantial Evidence*

Citing *Russell v. Douvan* (2003) 112 Cal.App.4th 399 (*Russell*), Kobayashi asserts the trial court erroneously issued the restraining order based on a single act without finding a threat of future harm. *Russell* clarified that a court can only issue a civil harassment restraining order based on single incident of harassment where there is such a threat of future harm. (*Id.* at pp. 401, 404.)[4] As explained in *Harris, supra,* 248 Cal.App.4th at page 502: "In order to obtain a restraining order under section 527.6, a trial court needs only to find unlawful harassment exists and that it is probable that an unlawful act will occur in the future. As defined, harassment is either (1) unlawful violence, (2) a credible threat of violence, or (3) a course of conduct. (§ 527.6, subd. (b)(3).) There is no requirement that the trial court must find harassment based on two out of the three

---

[4] "There may well be cases in which the circumstances surrounding a single act of violence may support a conclusion that future harm is highly probable. That finding, however, must be made and the court failed to do so here." (*Russell, supra,* 112 Cal.App.4th at p. 404.)

circumstances described under section 527.6, subdivision (b)(3)." (See *id.* at pp. 499-501 [concluding the petitioner need not show a course of conduct, and affirming issuance of section 527.6 restraining order based on single act where there was a threat of future harm].)

We disagree with Kobayashi's characterization of the record that court failed to find a threat of future harm. Even if the court made no express finding, such a finding was implied. "Given that it issued an injunction, we may infer that the trial court impliedly found that it was reasonably probable that future harassment would occur." (*Harris, supra,* 248 Cal.App.4th at p. 501.) " '[T]he determination of whether it is reasonably probable an unlawful act will be repeated in the future rests upon the nature of the unlawful violent act evaluated in the light of the relevant surrounding circumstances of its commission and whether precipitating circumstances continue to exist so as to establish the likelihood of future harm.' " (*Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 335, fn. 9.)

Here, the court's implied finding of future harassment was supported by (1) Kobayashi's escalation of the situation by pointing the gun at Lee and his wife, (2) Kobayashi's continued access to a gun if no restraining order was in place, (3) the historically contentious relationship between Kobayashi and Lee (to which both testified), and (4) the fact that Kobayashi lives two doors from Lee and his wife (neither party indicated they were planning to move). Kobayashi's ownership of a firearm and actions on April 26, 2020 made future threats of unlawful violence likely if the parties had future disagreeable contact.

### 3. The Personal Conduct Orders Were Not Unconstitutionally Overbroad

Kobayashi asserts the personal conduct orders within the restraining order were unconstitutionally overbroad and infringed on his right to petition the government, and freedom of speech, association, and movement. A restraining order is unconstitutionally overbroad if it impacts the restrained person's constitutional rights more than reasonably necessary to protect the aggrieved party. (See *Madsen v. Women's Health Ctr.* (1994) 512 U.S. 753, 765 [when an injunction restricts the right to free speech, courts seek "to ensure that the injunction was no broader than necessary to achieve its desired goals."]; *People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 22 ["injunction may not burden the constitutional right of association more than is necessary to serve the significant governmental interest at stake"].) Whether a restraining order infringes upon the constitutional rights of the restrained party because it is overbroad presents a question of law subject to de novo review. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

#### a. Freedom of Speech and Freedom to Petition

Kobayashi asserts that the restraining order prevents him from petitioning the government for redress of grievances, specifically inhibiting his communications for the purpose of a lawsuit. Although the court prohibited Kobayashi from contacting Lee and his wife, the court made clear that "Peaceful written contact through a lawyer or process server or other person for service of legal papers related to a court case is allowed and does not violate this Order."

The order merely limits Kobayashi's private speech directed at two private individuals. (See *Brekke v. Wills* (2005)

10

125 Cal.App.4th 1400, 1409 [since "defendant's speech was between purely private parties, about purely private parties, on matters of purely private interest," it " 'is of less First Amendment concern' "].) Kobayashi does not otherwise explain how limiting his communications toward Lee and his wife was an unconstitutionally overbroad restriction on his freedom of speech. We conclude that the order is no more restrictive of Kobayashi's freedom of speech than necessary to protect Lee and his wife.

### b. *Freedom of Association and Movement*

Kobayashi asserts his right to free association and movement are unlawfully constrained by the order. Here, the court ordered Kobayashi to stay at least three yards away from Lee, his wife, their home, their vehicle, and their places of work. Kobayashi does not elucidate how this nine-foot limitation on the space around Lee and his wife inhibits his constitutional rights. This failure forfeits the argument on appeal. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*) ["An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong."].) We therefore do not address it further.

## 4. ***Kobayashi Forfeited His Second Amendment Argument***

A person restrained by an order under section 527.6 is subject to mandatory firearms restrictions that prevent the enjoined person from purchasing, owning or possessing a firearm. (§ 527.6, subd.(u)(1).) Kobayashi asserts the restraining order's blanket prohibition on bearing arms even in his own home and section 527.6, subdivision (u) itself are unconstitutional.

11

Kobayashi cites *District of Columbia v. Heller* (2008) 554 U.S. 570, 595 (*Heller*), the Supreme Court case that found unconstitutional a District of Columbia statute that "totally bans handgun possession in the home." (*Id.* at p. 628.) He does not, however, make any substantive argument about how *Heller* applies to the civil harassment restraining order at issue here. He fails to analyze or cite any authority in support of his position that it is unconstitutional for the government to remove firearms from someone who has engaged in a credible threat of violence against another person. *Heller* alone does not advance his argument.

"It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach, supra,* 149 Cal.App.4th at p. 852.) He thus forfeits the issue. (*Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 947.)

### DISPOSITION

The restraining order is affirmed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.                    MOOR, J.

12